Anderson, J.
delivered the opinion of the court.
This is an indictment for petit larceny, with an alle *914 gation that the accused, before the committing the °fi"ence charged, had been convicted and sentenced in the mayor’s court of the city of Lynchburg for a like fr, ottence.
The court is of opinion that the mayor of the city of Lynchburg, by virtue of the 6th section of chapter 48 of the Code of 1849, being a justice of the peace, was invested by the 1st section of “An act to extend the jurisdiction of police justices and justices of the peace in certain cases,” approved March 30, 1871, with concurrent jurisdiction of all petit larcenies with the county and corporation courts. And consequently, that he had' jurisdiction to try and convict and sentence, the plaintiff in error of the petit larceny, of which it is alleged in the indictment he had been convicted and sentenced by the said Mayor’s court, before the committing the petit larceny which is charged in the indictment in this case, and that such sentence brings him within the penalty of the act.
The court is further of opinion that the paper mentioned in the first bill of exceptions, purporting to be the warrant of the said mayor for the apprehension of Mike Thomas on a charge of petit larceny, dated 26th of January 1872, with the endorsement thereon in these words: “The within charge against Mike Thomas is sustained and defendant sentenced to city jail for the term of four months. (Signed) J. M. Cobbs, mayor,” was proper to be given in evidence to the jury, with other evidence, to prove the identity of the accused and the genuineness of the paper, which it appears by the second bill of exceptions was given to the jury.
And the court is further of opinion that if the prisoner had admitted, or if it had been found by the jury, that lie had been sentenced by the said mayor as aforesaid, there would have been no error in the judgment of the Corporation court for the city of Lynchburg sentencing the prisoner, the plaintiff in error, to imprisonment in *915 the public jail and penitentiary house of the Commonwealth for the period of one year, under section 27, -chapter 200 of the Code of 1860.
But the record shows that such admission was not made by the prisoner, nor the fact found by the jury, unless it be by the general finding of guilty, upon the plea of not guilty. The verdict is responsive to the issue, which is, guilty or not guilty of the offence charged in the indictment. Not whether he is guilty or not guilty of a like offence, of which it is alleged in the indictment he had been before convicted and sentenced. 'The plea of not guilty did not put in issue'his guilt or innocence of that offence. It only puts in issue his guilt or innocence of the charge with which he was then to be tried.- Nor does the plea of not guilty traverse the allegation in the indictment, that he had been previously convicted and sentenced for a like offence. That was a matter outside of the issue, and should have been .specially found. The statute does not require an issue to be made upon it in the pleadings. It requires that it shall be alleged in the indictment. And not only that, ■but “admitted or by the jury found,” to warrant a sentence of confinement in the penitentiary for a petit larceny. The court is, therefore, of opinion that the verdict is fatally defective in not responding to this requirement of the statute. It is, therefore, considered, that the judgment be reversed and annulled, the verdict •set aside, and that the cause be remanded to the Corporation court for the city of Lynchburg for further proceedings to be had therein.
The judgment was as follows:
The court is of opinion, for reasons stated in writing ■-and filed with the record:
1st. That the mayor of the city of Lynchburg, by the 1st section of the “Act to extend the jurisdiction of police justices and justices of the peace,” approved *916 March 30, 1871, was invested with concurrent jurisdiction with the Corporation court of all petit larcenies, had jurisdiction to pronounce the sentence alleged iu the indictment to have been before pronounced against the accused for a petit larceny; and that such sentence would bring him within the penalty of the act.
•2nd. That the paper mentioned within the first bill of exceptions, purporting to be the warrant of the said mayor for the apprehension of Mike Thomas on a charge of petit larceny, with the indorsement thereon, was proper to be given in evidence to the jury, with other evidence to prove the identity of the accused and the genuineness of the paper; such as appears from the second bill of exceptions was given to the jury.
3d. That the plea of not guilty does not put in issue the allegation in the indictment that he had been previously convicted and sentenced for a like offence. The statute does not require that issue shall be made in the pleadings upon that allegation. It is a matter outside of the issue, and must “be admitted or by the jury found,” to warrant a sentence of• confinement in the penitentiary for a petit larceny. And not having been admitted or found by the jury in this case, the verdict is not responsive to a material requirement of the statute. It is, therefore, considered by the court that the judgment be reversed and annulled, the verdict set aside, and a new trial awarded. And the cause is remanded to the Corporation court of the city of Lynchburg for further proceedings to be had therein in accordance with this order.
Judgment reversed.