(Decided 15th December, 1876.)

STATE OF MARYLAND *vs.* CHARLES POPP.

*Rule of Construction of the Code—Limitation of Prosecutions for Selling lager-beer on Sunday—Sec. 11 of Art. 57 of the Code—Act of 1866, ch. 66—Sec. 10 of Art. 57 of the Code.*

The only satisfactory and safe rule by which to construe the Code, is to read and construe together all the sections relating to the same subject-matter, without reference to the particular Article or heading under which they may be placed.

The limitation of one month to prosecutions for "Sabbath-breaking," as provided by section 11 of Article 57 of the Code, does not apply to the offence of selling liquor or lager-beer on Sunday, made punishable by the Act of 1866, ch. 66; such offence not being "Sabbath-breaking" within the meaning of said section.

The offence of selling lager-beer on Sunday comes under the limitation of one year, as provided by sec. 10 of Art. 57 of the Code, which enacts that "no prosecution or suit shall be commenced for any fine, penalty, or forfeiture, or *any misdemeanor*, except those punished by confinement in the penitentiary, unless within one year from the time of the offence committed."

APPEAL from the Criminal Court of Baltimore City.

The case is stated in the opinion of the Court.

State *vs.* Popp

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*Attorney General Gwinn,* for the appellant.

*L. Hocheimer,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The defendant in error was indicted under the Act of 1866, ch. 66, for selling lager-beer on Sunday, and pleaded in bar that the prosecution against him was not commenced within one month after the fact charged in the indictment. The State demurred to this plea, but the Criminal Court overruled the demurrer and discharged the accused, and this judgment the State has brought up for review.

The plea is founded on the 11th section of Article 57 of the Code, relating to "Limitation of Actions," which provides, that "all actions or prosecutions for blasphemy and *Sabbath-breaking* or drunkenness shall be made within one month after the fact." The question to be decided is not whether the terms "Sabbath-breaking" as commonly understood, or as defined by text-writers on criminal law, embrace the selling of liquor on Sunday, but whether they embrace it as used in this particular section of our Statute law. It becomes therefore altogether a question of legislative intent and statutory construction. This makes it necessary for us to examine the several sections of the Code on this subject, to trace their origin and ascertain the sense in which these terms were used in antecedent statutes.

In Article 30 relating to "Crimes and Punishments," we find three sections, (178, 179, 180,) placed under the head "Sabbath-breaking." The *first* prohibits work or bodily labor on Sunday, and permitting children or servants to profane the Lord's day, by gaming, fishing, fowl-

ing, hunting or unlawful pastime or recreation, and provides that "every person transgressing *this section,* and being thereof convicted before a *single justice* shall forfeit five dollars." The *second* declares that *no householder* shall sell any *strong liquor* on Sunday, (except in cases of absolute-necessity,) or suffer any drunkenness, gaming or unlawful sports or recreation in his house, on pain of forfeiting twenty-five dollars to be recovered by action of debt or indictment. These two sections are codifications of the 10th and 11th sections of the old Act of 1723, ch. 16, (to which we shall have occasion again to refer,) the fines being imposed in money instead of tobacco. The *third* enacts that no person shall sell, dispose of, or barter any spirituous or fermented liquors or cordials of any kind on Sunday, and provides that any person violating the provisions of *this section* shall be liable to indictment in any Court of criminal jurisdiction, and on conviction thereof shall be fined not less than twenty nor more than one hundred dollars for the first offence, and for the second in addition to this fine the annulment of the offender's license. It is important to ascertain whence this section (180) was derived, and what previous legislation there had been on the subject of selling liquor on Sunday. From a careful examination of the statutes it appears that the 11th section of the Act of 1723, prohibiting *householders* from selling *strong liquor* on that day, except in cases of absolute necessity, was the only legislation restraining and punishing such sales, until the passage of the Act of 1834, ch. 244, entitled, "An Act to prohibit the sale of intoxicating liquors upon the Sabbath day." This Act made it unlawful, (with penalties therein prescribed,) for any person except *bona fide* tavern or innkeepers, regularly licensed, and whose business shall or may mainly consist in entertaining travellers, and others with board and lodging, to sell, dispose of, or barter any spirituous or fermented liquors or cordials of any kind on

Sunday. This law remained in force until repealed by the Act of 1847, ch. 193, also entitled "An Act to prohibit the sale of intoxicating liquors on the Sabbath day." The first section of this latter Act is section 180 of the Code, to which we have referred, and its second section required the insertion in all tavern licenses of a clause specially excepting the Sabbath day from the operation of the license. Prior to its codification this law had been construed by this Court to extend only to licensed tavern-keepers, and licensed retailers of liquor. *Bode vs. The State*, 7 *Gill*, 326.

So stood the law on this subject of selling liquor on Sunday at the time the Code was adopted, and so we find it codified. Then was passed the Act of 1866, ch. 66, under which this indictment was found. It is entitled "An Act to repeal sections 179 and 180 of Article 30 of the Code of Public General Laws relating to Sabbath-breaking, and to re-enact the same with amendments." In the enacting part of the statute, it is provided "that sections 179 and 180 of Article 30 of the Code of Public General Laws, be and the same are hereby repealed and re-enacted so as to read as follows." Then follow the two new sections, the provisions of which need not be stated at length. Contrasting the *title* with the *enacting part* of this statute, we regard the reference in the former to "Sabbath-breaking" as nothing more than a superfluous indication of the place in the Code in which the sections to be repealed, amended and re-enacted may be found. Section 178 still remains unrepealed, and placing the two new sections after it we have in substance:

1st. A section punishing work and labor on Sunday by a fine of five dollars to be imposed on conviction before a justice of the peace.

2nd. A section punishing the sale on Sunday of any goods or merchandise, including liquors and lager-beer, by a fine for the first offence, and by a fine with imprison-

ment and suppression of license for the second and subsequent offences, upon indictment and conviction in any Court having criminal jurisdiction.

3rd. A section inflicting similar punishments on like convictions, for keeping open or using on Sunday certain places of amusement and business.

We are now prepared to inquire whence is derived the section of the Code on which the plea in this case is based, and as to this there is no difficulty. It unquestionably comes, modified as to the offence of drunkenness, from the 13th section of the Act of 1723, ch. 16. This law is entitled "An Act to punish blasphemers, swearers, drunkards and Sabbath-breakers." Many of its provisions have been repealed or superseded by subsequent legislation, or altogether omitted from the Code. Some of them however, including as we have seen its 10th and 11th sections, have been retained and codified. By its 13th section a *limitation* was fixed to actions and prosecutions, for the various offences which it defines and punishes. That section enacts "that all informations for blasphemy and *Sabbath-breaking,* shall be made within one month after the fact; and that all prosecutions and informations for swearing, cursing, drunkenness, and omission to punish the same, shall be made within ten days after the fact; and that all prosecutions for not reading this Act, and *for selling liquors,* and suffering drunkenness and gaming, *on the Sabbath day,* shall be commenced within six months after such omission, and not after."

Here we have in the body of the very law, from which this limitation section in the Code is derived, a distinction, drawn in terms as plain as language can express it, between the offence of *Sabbath-breaking* and that of *selling liquor* on the Sabbath day. This distinction, in our judgment, runs through all subsequent legislation, and has not been destroyed by the Code. They were originally distinct offences, and have not been made one by being placed

under the same *heading* in the Article relating to "Crimes and Punishments." It may be true, that in the common acceptation of the terms, he who sells liquor on Sunday breaks the Sabbath, but so also does he who works and labors on that day, and when the Legislature has made a distinction as to the time within which prosecutions for the two acts must be made, the Courts have nothing to do but enforce that distinction. In arriving at the true construction of any particular section of the Code very little reliance can, we think, be placed upon the *heading* under which it may be found. There are many instances in which sections relating to different subjects are placed under the same head, and in some cases such sections are found in the same Article. For instance (and as quite pertinent to the question we are now considering,) the Act of 1723 in one section defines and punishes blasphemy as such, and in another profane swearing or cursing in the presence of certain officials, *a very different offence from blasphemy*, is punished as swearing and cursing, and yet both are placed in the Code under the head of blasphemy. It seems to us it would be a very unreasonable and unwarrantable use of this *heading*, to infer from it that the Legislature intended to declare that a person who uttered an oath or a curse in the presence and hearing of a magistrate, sheriff, coroner, county clerk or constable, was by so doing guilty of *blasphemy*. Again in the Article relating to "Licenses," under the head of "Oyster or Eating Houses," are to be found the punitory and effective sections upon which the efficacy of the most important part of the license system depends, none of which are found in the more appropriate Article entitled "Crimes and Punishments." Again important sections relating to the powers of Equity Courts over trustees under deeds of trust, are found in the Article entitled "Revenue and Taxes." It would be easy to cite other similar instances, but these will suffice. In short, we have found that the only satisfactory and safe

State *vs.* Popp.

rule of construction to be adopted, is to read and construe together all sections of the Code relating to the same subject-matter, without reference to the particular Article or heading under which they may be placed. So reading the several sections to which we have referred, and which are important to the decision of this case, we are of opinion, for the reasons stated, that the limitation of one month to prosecutions for "Sabbath-breaking," does not apply to the offence of selling liquor or lager-beer on Sunday. The offence for which the traverser was indicted comes under the limitation of one year to be found in sec. 10, Article 57, which provides that "no prosecution or suit shall be commenced for any fine, penalty or forfeiture, *or any misdemeanor*, except those punished by confinement in the penitentiary, unless within one year from the time of the offence committed."

Being thoroughly satisfied that this is the true construction of these sections, we need not invoke to its support the long and uniform practice of all the Courts in the State having criminal jurisdiction, nor the inconveniences or mischief which would result from the opposite construction. It is, however, not out of place to remark that a limitation of one month to prosecutions for such offences would, in our opinion, materially impair the efficacy, if not practically annul this important law in all those counties of the State in which grand juries meet but once in six months, for experience has demonstrated that the exercise of the peculiar powers confided to grand juries of summoning witnesses and compelling disclosures, is the most effective means of bringing to light and punishing offences of this character. Parties who buy liquor on Sunday and whose testimony, in most cases, is essential to conviction, are not usually voluntary informers against those who have sold it to them.

*Judgment reversed, and*
*new trial awarded.*

(Decided 15th December, 1876.)