PATRICK MAGUIRE *vs.* STATE OF MARYLAND.

INDICTMENT.

*Act of 1866, ch. 66—Indictments for sale of spirituous liquors on Sunday—Second offence—Demurrers—Motions to quash—Code, Art. 30, sec. 82—Recitals in Indictments—Reading Indictments to the Jury—Evidence—Admissibility of docket entries in a former proceeding to prove previous conviction, on an indictment for a second perpetration of the same offence—Character of the Verdict when the charge is for a second offence.*

The manifest object of sec. 82 of Art. 30 of the Code, is to preclude all objections to an indictment, that might or could be raised by demurrer, from being raised in any other manner.

Motions to quash and motions in arrest, for defects in an indictment that could have been taken advantage of by demurrer, are no longer available modes of attacking an indictment; and if the opportunity of demurring is not availed of at the proper time, the party is to be taken as having waived all such defects.

P. M. having been indicted for selling liquor on Sunday, in violation of the Act of 1866, ch. 66, plead "guilty," and was fined.

Subsequently he was again indicted for a second violation of the aforesaid law, and the indictment in the second case set out with particularity the former indictment and conviction, the statute imposing a different and severer punishment for a second offence against its provisions, from that imposed for the first offence. The State's attorney began to read the indictment to the jury, but the traverser objected to the reading of that part of the indictment that contained the allegations of the former indictment and conviction under the statute. Later in the progress of the trial, the docket entries of the proceedings on the former indictment against the traverser, containing the entry of conviction and judgment thereon were offered in evidence, and also, the indictment in the former case was produced and read. To the admissibility of said docket entries and the reading of the last named indictment, the traverser objected. HELD:

1st. The jury being the judges of both the law and the facts, as to whether the offence had been committed as charged, they should certainly be informed of what they are sworn to try; and for that purpose, no means are so proper as the reading of the indictment itself.

2nd. The law would seem to be well settled, that if the party be proceeded against for a second or third offence under the statute, and the sentence prescribed be different from the first, and severer, by reason of its being such second or third offence, the fact thus relied on must be averred in the indictment; for the settled rule is that the indictment must contain an averment of every fact essential to justify the punishment inflicted.

3rd. This averment of prior conviction can only be sustained by the production of the record, or a duly authenticated copy of it, sustained by proof of the identity of the person on trial with the one described in the former indictment.

4th. It was proper, not only that the entire indictment, containing the averment of the prior conviction, was allowed to be read to the jury in the opening of the case, but that the record of such prior conviction was admitted in evidence in support of the indictment, or rather of the particular averment therein of former conviction.

5th. Where docket entries, made under the direction or inspection of the Court, are offered in connection with the original papers or files of Court, they stand in the place of the record, and are received in evidence as such record.

In order to justify a sentence as for a second offence, it must appear by the verdict that the jury have found the party guilty of such second offence, and if the verdict be guilty generally, without anything more, the judgment to be entered on it can only be as for a first offence.

APPEAL from the Criminal Court of Baltimore City.

The appellant was indicted under section 179 of the Act of 1866, chapter 66, which repealed and re-enacted with amendments sections 179 and 180 of Article 30, Code Pub. Gen. Laws.

In the first and second counts of the indictment it was charged that the appellant had, in 1875, being then the licensed keeper of an ordinary, unlawfully sold, disposed of and given away, on a certain Sunday in that year, a quantity, less than one pint, of spirituous liquor to a cer-

tain person, and had been convicted and sentenced for such offence in February, 1876; and that having been so convicted, he did afterwards, on a certain Sunday in October, 1876, unlawfully sell and dispose of to another person, a certain other quantity less than one pint of spirituous liquor.

In the third count of the indictment it was charged that the appellant had, in 1875, being then the licensed keeper of an ordinary, unlawfully sold, disposed of and given away a quantity, less than one pint, of spirituous liquor, to a certain person, and had been convicted and sentenced for such offence in February, 1876; and that having been so convicted, he did, on a certain Sunday in October, 1876, he being then licensed to keep an ordinary, give away at his said ordinary a certain quantity of spirituous liquor, less than one pint, to a certain other person.

The appellant entered a general demurrer to the indictment, which being overruled, he demurred specially to the first and second counts, which special demurrer was also overruled.

[The judgment on demurrers was not considered by the Court of Appeals, hence the reasons assigned as cause or demurrer are omitted.—REPORTER.]

Afterwards the appellant moved the Court to quash the whole indictment, and assigned therefor the following reasons:

1. For that section 179, Art. 30, of the Code of Public General Laws of Maryland, under which said indictment is framed, is in contravention of the Bill of Rights and the Constitution of the State of Maryland, and is therefore unconstitutional and void.

2. For that the presentment for the second offence, mentioned in said indictment, was made more than one year after the alleged commission of the first offence mentioned therein.

3. For that said indictment alleges that said Maguire did commit three several and distinct offences, on the 3rd day of October, 1875, to wit: That he did sell, that he did unlawfully dispose of, and that he did give away a certain quantity of spirituous liquor on the Sabbath day, and in reciting the conviction alleges that he, said Maguire, was convicted of said offence, without specifying which of said three several offences.

4. For that the first count does not allege that he, the said Maguire, was, at the time of the alleged second offence, to wit: on the first day of October, 1876, a licensed dealer in any one or more of the articles of merchandise mentioned in sec. 179, Art. 30, of the Code.

5. For that the second count does not allege that he, the said Maguire, was, at the time of the alleged second offence, to wit: on the first day of October, 1876, a licensed dealer in any one or more of the articles mentioned in sec. 179, Art. 30, of the Code.

6. For that the said first count does not allege any price at which said liquor was sold.

7. For that the said second count does not allege any price for which said liquor was sold, or consideration for which the same was unlawfully disposed of.

The Court below refused to entertain this motion.

A jury having been impanneled, and the case having proceeded to trial, the State's attorney, in his opening address to the jury, proceeded to read to the jury the indictment which it was impanneled to try.

The appellant objected to the reading of the whole indictment to the jury, or any part of said indictment, except that part which related to the second offence charged therein.

The objection was overruled by the Court, and the whole indictment read.

The docket entries, showing indictment and first conviction of appellant, in the Criminal Court of Baltimore

City, were then offered in evidence. The appellant objected to this evidence, but his objection was overruled.

The appellant was found guilty by the verdict of the jury.

The record then shows the following entries : " Whereupon the traverser excepts to the several rulings of the Court aforesaid, and prays an appeal therefrom, and prays the Court to attest this his bill of exceptions, &c."

No judgment was entered by the Court below in this case.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*John M. Carter,* for the appellant.

The demurrers to the indictment are included in the record, in order that this Court may be properly informed of the whole case, though only the questions arising under the bill of exceptions will be considered.

1st. It is contended that the Court erred in refusing to entertain the motion to quash, although the reasons therefor were the same as those assigned in support of the demurrer.

The second ground—that limitations applied—is clearly a proper one in support of a motion to quash. 1 *Wharton's Criminal Law,* (7th Ed.,) *pp.* 444 *and* 518 ; *State vs. Robinson,* 9 *Foster,* (*N. H.,*) 274.

The third reason was also a proper one in this behalf. The traverser was entitled to such certainty of allegation as would enable him to. determine whether to demur or plead. *Archbold's Criminal Pleading,* 53 ; *State vs. Bacon,* 7 *Vermont,* 219 ; *State vs. Robinson, ante.*

The fourth and fifth reasons assigned were sufficient for quashing the first and second counts of the indictment. As an indictment for a first offence these counts were good under the statute, and, therefore, not proper subjects. of

demurrer ; but as for a second offence they were bad, in that they failed to allege that traverser was a licensed dealer, so that the Court might be informed how to impose that part of sentence requiring suppression of license, as required by the decision of this Court in *Bode vs. The State*, 7 *Gill*, 326; *Root vs. State*, 10 *G. & J.*, 374; 1 *Bishop on Crim. Law*, (*5th Ed.*,) 961; *Cooley's Constitutional Limitations*, 330.

As to the sixth and seventh reasons :

The failure to allege in the first and second counts the price for which the liquor was sold, and the consideration for which it was unlawfully disposed, was fatal on motion to quash. *Divine vs. The State*, 4 *Indiana*, 240 ; *Cool vs. The State*, 16 *Indiana*, 355.

The Court below might very properly refuse to hear argument upon the motion, but it should have entertained the motion, at least to the extent of reading it or having it read in the case, even though it had overruled it afterwards.

2nd. The reading of the whole indictment to the jury in the opening statement by the State's attorney, it is contended, was manifestly wrong. In such cases the jury should be charged and the evidence proceed as if the indictment did not contain the averment of a previous conviction, until traverser is first found guilty of the subsequent offence.

" To put prior conviction in evidence would be to violate the established principle that a man's character and his previous bad acts are not to be put in evidence unless at his own instance, as well as to invade another well settled safeguard of justice, that the defendant is to be tried, not for being generally bad, but only for one particular bad act." 3 *Wharton's Crim. Law*, (*7th Ed.*,) 3418; 1 *Bishop on Crim. Law*, 964; *Archbold's Crim. Pleading*, 964.

3rd. The State undertakes to supply, by proof, the omission in these two counts—the failure to allege that ·raverser was a licensed dealer.

And this is done by the rather novel method of reading by a witness in one Court from the records of another Court, instead of producing a properly exemplified copy or certificate of the license issued.

It is submitted that this evidence was inadmissible, as varying from those counts of the indictment upon which only, at this juncture of the case, the traverser could be tried.

But the gist of the enquiry as to the license is to enable the Court to pronounce against the traverser that part of the penalty requiring the suppression of his license, that is to say, the license held by him at the time of trial.

Here the proof is only as to licenses issued to him during preceding years, and the Court is still left in ignorance whether or not he has a license in existence which can be suppressed.

4th. It is submitted that the record of former conviction is insufficient. The docket entries, while reciting the submission, under a plea of "guilty," make no mention of a judgment in the case.

When the law speaks of conviction, it means judgment and not merely a verdict, which in common parlance is called a conviction. *Smith vs. The Commonwealth*, 14 *Sergt. & Rawle*, 69.

And the indictment in the first offence case contains three counts, charging three separate and distinct offences ; and the plea of " guilty," if otherwise sufficient, does not determine of which traverser was convicted.

Under such circumstances, the worst that can happen to the prisoner is a conviction of a first offence against the statute. *The People vs. Cæsar*, 1 *Parker's Crim. Cases*, 645.

*Charles J. M. Gwinn*, Attorney-General, for appellee.

No judgment has been entered by the Criminal Court of Baltimore in this case.

Until a judgment is entered and the appellant, after such entry of judgment, shall proceed by petition addressed to the Criminal Court of Baltimore to designate the point or questions of law by which he may feel aggrieved, (*see* 1*st Rule of Court of Appeals*, 29 *Md.*, 1 ;) and that Court shall act on such petition, and the record, so made up, is removed into this Court, no notice whatever can be taken by this Court of the demurrers to the whole indictment, or to the first and second counts thereof, which have been entered by the appellant, or of the motion to quash the whole indictment, or of the rulings of the Criminal Court on these various questions, which are severally set forth in this record. *Kearney vs. State*, 46 *Md.*, 422.

Such rulings of the Criminal Court of Baltimore are not the subjects of a bill of exceptions under the Act of 1872, chap. 316, and ought not to have been included in the bill of exceptions filed in this case. (*See same case.*)

The only questions raised by this record which the Court of Appeals can consider are, 1st, whether the Criminal Court of Baltimore was right in permitting the State's attorney to read the whole ·indictment to the jury; and 2nd, whether that Court was right in allowing Henry T. Maloney, a deputy clerk of that Court, to "produce" the docket entries in the case in which the appellant had been convicted for the first offence of selling spirituous liquors on the Sabbath day.

The indictment was the legal statement of the issues which the jury was impanneled to try, and as a matter of course the State's attorney had a right to read it to the jury. The Criminal Court properly determined this question.

The ruling of the Court upon the second point was also perfectly correct. The entries made by the clerk of a Court in his docket, as to a case pending in such Court, are minutes for his guidance in making up the full record. 2 *East's Pleas of the Crown*, 518; 1 *Chitty Criminal Law*, 5*th Am. Ed.*, *m. p.* 642 ; *Weighorst vs. State*, 7 *Md.*, 450.

Maguire *vs.* State of Maryland.

These docket entries, in connection with the papers filed in the cause to which the entries refer, constitute the documentary history of the case from which the formal record must be made, when the time arrives for its enrollment as a whole.

In this case they were produced in connection with the indictment to which they referred, as part of the history of that case; and were admissible as evidence, tending to prove that the appellee was the person shown by those proceedings to have been convicted for a prior offence of the same character, as that alleged in the indictment against him.

It would seem that the rulings of the Criminal Court upon these two questions ought to be affirmed, and this case be remanded to that Court.

ALVEY, J., delivered the opinion of the Court.

This is an appeal brought here on exceptions, under the Act of 1872, ch. 316.

The indictment is for violating the provisions of the statute in regard to selling, disposing of, or giving away certain articles, among which are spirituous or fermented liquors, on the Sabbath day, commonly called Sunday. The statute is that of 1866, ch. 66, which repealed and re-enacted sections 179 and 180 of Art. 30 of the Code of Public General Laws. The indictment contains three counts; the first, for *selling* whiskey on the Sabbath day; the second, for *disposing* of whiskey on the Sabbath day; and the third, for *giving* away whiskey on the Sabbath day, the traverser being a licensed dealer. In each of these counts the offence charged is alleged to have been the second committed by the traverser under the statute, and the former indictment and conviction are set out with particularity; the statute imposing a different and a severer punishment for a second offence against its provisions, from that imposed for the first.

The traverser demurred to the indictment,. and the demurrer was overruled ; but the judgment on demurrer is not before us on this appeal.

He then tendered a motion to quash the indictment, for various causes, all of which were open on the demurrer. This motion to quash was refused to be entertained by the Court, and to which refusal the traverser excepted.

That the Court was right in refusing to entertain the motion to quash, it is only necessary to refer to the explicit language of the statute, found in the Code, Art. 30, sec. 82, which is a codification of the Act of 1852, ch. 63.

By that section of the Code, it is provided, that " No indictment or presentment for felony or misdemeanor *shall be quashed*, nor shall any judgment upon any indictment for any felony or misdemeanor, or upon any presentment, whether after verdict, by confession, or otherwise, be stayed or reversed," for the omission or want of certain averments, or the defective or misstatements therein specified, " or by reason of any mere defect or imperfection in matters of form which shall not tend to the prejudice of the defendant, *nor for any matter or cause which might have been a subject of demurrer to the indictment,* inquisition or presentment."

The manifest object of this statute was to preclude all objections to the indictment that might or could be raised by demurrer, from being raised in any other manner. Motions to quash, and motions in arrest, for defects in the indictment that could have been taken advantage of by demurrer, are no longer available modes of attacking the indictment; and if the opportunity of demurring is not availed of at the proper time, the party is to be taken as having waived all such defects. Here, a demurrer was interposed and overruled ; and the motion to quash, being founded upon supposed defects in the indictment, was, therefore, properly refused to be entertained. *Cowman vs. The State,* 12 *Md.,* 250.

2. The next exception taken was to the Court's allowing the State's attorney to read that part of the indictment to the jury that contains the allegations of the former indictment and conviction under the statute, in his opening statement; and, in connection with this exception, may also be considered the next exception that follows, which was taken to the admission in evidence of the docket entries of the proceedings on the former indictment against the traverser, containing the entry of conviction and judgment thereon; and following which last mentioned evidence, was produced and read in evidence the indictment in the former case. The plain object of this proof was to support the allegations in the present indictment of the former indictment and conviction under the statute, and to show that the present indictment is for a second offence under the same statute.

Why should not the whole indictment be read to the jury, including that part containing the allegations of the former conviction and judgment? The jury being the judges of both the law and the fact, as to whether the offence had been committed as charged, they should certainly be informed of what they are sworn to try; and for that purpose, no means are so proper as the reading of the indictment itself.

The objection that by allowing the jury to consider the first conviction, in passing upon the question of the traverser's guilt on the charge of a second offence, he is, to some extent, made liable to double punishment, is without foundation. It is a common thing in this State, as it is elsewhere, to find in statutes in regard to crimes and punishment, the second or third offence under the same statute, made subject to an increased punishment; and this for an obvious reason. The great object of the law is the prevention of crime; and the party charged with the commission of a second offence is supposed to have known all the penalties denounced against it. If, therefore, the

punishment denounced against the first offence proves to be insufficient to restrain his vicious propensities, it is but just and right that an increased punishment should be inflicted for a second or third offence ; and he has no reasonable cause of complaint that his former transgressions, under the same law, are brought up in judgment against him. No constitutional objection exists to such regulation of punishment; and provisions in statutes similar to that under which the present indictment was framed, have been uniformly sustained, whenever or wherever questioned. *Ross' Case,* 2 *Pick.,* 170 ; *Plumbly vs. Comm.,* 2 *Metc.,* 413 ; *Rand vs. Comm.,* 9 *Gratt.,* 743 ; *People vs. Stanley,* 47 *Cal.,* 113.

It is said, however, that the party accused is not to be tried for being generally bad, but only for one particular bad act; and that, therefore, the fact of prior conviction of a similar offence should not be allowed to be considered, or to influence the mind of the jury, until after conviction of the particular offence for which the party is on trial ; that if he should be found guilty, then the jury should be required to pass upon the fact of the alleged former conviction, and the identity of the accused, with a view to the infliction of the punishment prescribed. But this course of procedure is not in accordance with the established practice in such cases. The law would seem to be well settled, that if the party be proceeded against for a second or third offence under the statute, and the sentence prescribed be different from the first, or severer, by reason of its being such second or third offence, the fact thus relied on must be averred in the indictment; for the settled rule is, that the indictment must contain an averment of every fact essential to justify the punishment inflicted. *Rex vs. Allen, Russ. & R.,* 513 ; *Reg. vs. Page,* 9 *C. & P.,* 756 ; *Reg. vs. Willis, L. Rep.,* 1 *C. C.,* 363 ; *Plumbly vs. Comm.,* 2 *Metc.,* 408 ; 3 *Whart. C. L., sec.* 3417 ; 1 *Bish. C. L.,* (6*th Ed.,*) *sec.* 961, 963. And this

averment of prior conviction can only be sustained by the production of the record, or a duly authenticated copy of it, sustained by proof of the identity of the person on trial with the one described in the former indictment. *Reg. vs. Clark*, 20 *Eng. L. & Eq. Rep.*, 582; 1 *Bishop Cr. Law*, sec. 963; 3 *Whart. C. L.*, sec. 3417. But such an averment of prior conviction does not charge an offence. As said by Lord CAMPBELL, in the case of *Reg. vs. Clark*, *supra*, "it is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offence; they only find that he was previously convicted of it, as an historical fact." Such being the import of the averment and the nature of the inquiry before the jury, there can be no good reason for adopting the mode of procedure contended for by the appellant; and the practice in England, until changed by statute, was, as it is here, to allow the prosecution to put the prior conviction before the jury as part of its evidence in chief, and before the accused commenced his evidence in defence.  *Rex vs. Jones*, 6 *C. & P.*, 391. It was therefore proper, not only that the entire indictment, containing the averment of the prior conviction, was allowed to be read to the jury in the opening of the case, but that the record of such prior conviction was admitted in evidence in support of the indictment, or rather of the particular averment therein of former conviction.

And as to the objection that there was not a formal and extended record offered, instead of the docket entries of the proceedings of the prior conviction, we think that altogether untenable. The indictment in that case was offered in connection with the docket entries, and the entries show that the party accused submitted under plea of guilty, and that he was thereupon fined $50 and costs. This record evidence was offered in the same Court in which the proceedings occurred; and, in such case, the docket entries, being made under the direction or inspec-

tion of the Court, when offered in connection with the original papers or files of the Court, stand in the place of the record, and are received in evidence as such record. *Boteler & Belt vs. State, use of Chew*, 8 *Gill & J.*, 359; *Weighorst vs. State*, 7 *Md.*, 442.

It follows that neither the second nor the third exception, taken by the traverser and certified by the Court, can be sustained.

In conclusion it may not be improper for us to notice, though not involved in the questions presented on this appeal, that as the verdict appears to have been guilty generally, without any thing more, the judgment to be entered on it can only be as for a first offence.  The authorities are clear to the effect that in order to justify a sentence as for a second offence, it must appear by the verdict that the jury have found the party guilty of such second offence.  *Thomas' Case*, 22 *Gratt.*, 912; 3 *Whart. C. L.*, (7th *Ed.*,) sec. 3418; 1 *Bishop's C. L.*, (6th *Ed.*,) secs. 961, 963.

We thus notice the verdict in order to avoid a possible error in the rendition of the judgment.

<div align="right">

*Rulings affirmed, and
cause remanded.*