(Decided 14th March, 1893.)

STATE OF MARYLAND *vs.* HERMAN S. EDLAVITCH.

*Indictment for Selling liquor on Sunday—Motion to Quash—*
*Sec. 248 of Art. 27 of the Code.*

The omission from an indictment for selling liquor on Sunday, of the allegation or averment that the traverser was licensed to sell or was a trader, furnishes no ground for quashing the indictment.

Under section 248 of Article 27 of the Code, which prohibits the sale of intoxicating liquors on Sunday, the gravamen of the offence is the selling of liquor on Sunday, and not the selling with or without a license. It is therefore unnecessary to charge in the indictment that the traverser was a licensed trader.

APPEAL as upon WRIT OF ERROR, from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, and BRISCOE, J.

*John Prentiss Poe, Attorney-General,* for the appellant.

State *vs.* Edlavitch.

No brief was filed for the appellee.

ROBERTS, J., delivered the opinion of the Court.

The defendant in error was indicted at the October Term, 1892, of the Circuit Court for Prince George's County for selling liquor on Sunday. Upon motion of the defendant, the Court below quashed the indictment, because it did not contain *"the allegation or averment that the traverser was licensed to sell or was a trader."*

The question is one entirely free from difficulty. In the first place, the Court should have declined to entertain the motion to quash. If the traverser desired to test the legal sufficiency of the indictment, he should have followed the plain provision of the statute. The Code, Art. 27, sec. 286, provides that: "No indictment or presentment for felony or misdemeanor shall be quashed, nor shall any judgment upon any indictment for any felony or misdemeanor, or upon any presentment, whether after verdict, by confession, or otherwise, be stayed or reversed for the want of a proper or perfect venue, when the Court shall appear by the indictment, inquisition, or presentment, or by the statement of the venue in the margin thereof, to have jurisdiction over the offence, nor for the omission or misstatement of the title, occupation or degree of the defendant or other person or persons named in the said indictment, inquisition, or presentment, nor for the want of the averment of any matter unnecessary to be proved * * * * or by reason of any mere defect or imperfection in matters, of form, which shall not tend to the prejudice of the defendant, nor for any matter or cause which might have been a subject of demurrer to the indictment, inquisition, or presentment." Mr. Justice ALVEY delivering the opinion of the Court in *Maguire vs. State,* 47 *Md.*, 494, says: "The manifest object of this statute was to preclude all objections to the indictment that might or could be

raised by demurrer, from being raised in any other manner. Motions to quash or motions in arrest for defects in the indictment that could have been taken advantage of by demurrer, are no longer available modes of attacking the indictment, and if the opportunity of demurring is not availed of at the proper time, the party is to be taken as having waived all such defects. Here a demurrer was interposed, and overruled; and the motion to quash being founded upon supposed defects in the indictment, was therefore properly refused to be entertained." *Cowman vs. State,* 12 *Md.,* 250; *State vs. Wade,* 34 *N. H.,* 495.

The Court below in quashing the indictment for the reasons assigned, has manifestly applied the doctrine announced by this Court in *Bode vs. State,* 7 *Gill,* 326, unmindful however of the fact that the Act of 1847, ch. 193, under consideration in that case had been repealed. Whilst the first section of the Act of 1847 provided "that it shall not be lawful for *any person or persons* within the State to sell, dispose of, or barter any spirituous or fermented liquor or cordials of any kind, or in any quantity whatever, on the Sabbath day, usually called Sunday, &c.," and therefore contained much the same phraseology to be found in the statute now in force, relating to the same subject-matter; but the second section of the Act of 1847, reads as follows: "That it shall be the duty of the treasurer of the State, or such other person, whose duty it is, to have the tavern licenses prepared, to have inserted in such licenses, a clause specially excepting the Sabbath day from the operation of said license." The Court in *Bode's Case,* speaking of the legal effect of the second section, say: "It is made necessary to incorporate into a tavern license a clause excepting from its operations, the Sabbath day; and it is perfectly apparent, from the character of these provisions, that the Act only intended to

embrace the ·licensed tavern-keeper, and the licensed retailer of the liquors and cordials therein designated.'' Since the repeal of the Act of 1847, the law relating to the sale of liquor on Sunday, has undergone repeated changes, a detailed statement of which will be found in the case of *State vs. Popp*, 45 *Md.*, 433, where the late Mr. Justice MILLER, delivering the opinion of the Court, has examined the subject with great care, and gives a very interesting history of the legislation pertaining thereto, since the passage of the Act of 1723, ch. 16. The Public General Laws of the State contain no such provision as the second section in the Act of 1847, and admit of no such restriction as that section imposed upon that Act under the decision in *Bode's Case.* Art. 27, sec. 248, of the Code, provides that, "no person in this State shall sell, dispose of, barter, or if a dealer in any one or more of the articles of merchandise in this section mentioned, shall give away on the Sabbath day, commonly called Sunday, any tobacco, cigars, candy, soda, or mineral waters, spirituous or fermented liquors, cordials, lager beer, wine, cider, or any other goods, wares, or merchandise, whatsoever, &c." It is therefore apparent from the provision of the general law that, whether the party charged had or had not a license to sell liquors, it was not a fact essential in the framing of the indictment to aver that he had or had not a license to sell or was a trader, since in any event, if he were found guilty of selling liquor on Sunday, he was liable. The gravamen of the charge being *"selling liquor on Sunday,"* and not selling with or without a license. Nor do the Local Laws of Prince George's County, relating to the sale of liquor on Sunday, contain any provision justifying the action of the Court below in quashing the indictment. The provisions of certain of the local laws prohibit the sale of liquor on Sunday by any one, licensed or unlicensed. The laws

both general and local relating to this question, are of universal application; and no class is exempt from their operation. A party licensed to sell, or a trader, is no more liable than one having no license or not being a trader. The object of the law is to secure a proper observance of the Sabbath day, not for one class of citizens, but for all alike. The Attorney-General has well suggested that, "if the interpretation of the General and Local Law be that liquor selling on Sunday, is only an offence when committed by *licensed* traders, the consequences are obvious. Licensed parties will sell during the week, and unlicensed parties upon Sunday, and thus the Sunday law as to liquor selling will become a dead letter. The traffic will flourish week days and Sundays, without limit."

It follows from the views expressed that the ruling of the Circuit Court being clearly erroneous, its order and judgment quashing the indictment must be reversed, and the cause remanded, to the end that the trial may be proceeded with according to law.

*Judgment reversed, and*
*cause remanded.*

(Decided 14th March, 1892.)