# THOMAS J. KENNY
## *vs.*
# STATE OF MARYLAND.

*Twice in jeopardy: invalid indictment; retrial for same offense.*
*"Second offense": heavier punishment; indictment*
*and verdict.   Liquor laws: violations;*
*by licensee or others.*

Where the indictment under which a traverser is indicted is declared invalid he may be indicted and tried again for the same offense.                                        p. 125

An indictment of a traverser for violating as licensee under section 14 of Chapter 179 of the Acts of 1908 (which section relates to the punishment of licensees found guilty a second time for violating the provisions of the liquor laws), is void, unless it alleges that the traverser was a licensee at the time of his conviction for the first offense.                         pp. 123, 124

A simple verdict of "guilty" in such a case does not justify the penalty provided by the statute for a second offense; to justify a sentence for a second offense it must appear from the verdict that the jury have found the party guilty of such second offense.                                           p. 123

On an appeal, in a criminal case, where an error in the judgment or sentence itself is the only error committed by the Court below, the Court of Appeals may reverse the judgment and remand the record, in order that a proper judgment may be pronounced upon the indictment and conviction.            p. 123

*Decided June 24th, 1913.*

Appeal from the Circuit Court for Baltimore County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*William H. Lawrence* (with whom was *Elmer J. Cook* on the brief), for the appellant.·

*Edgar Allan Poe, the Attorney-General,* submitted the case on a brief for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant was indicted on the 9th day of October, 1912, in the Circuit Court for Baltimore County as a licensee, for selling fermented liquor, to wit, beer, on Sunday, in violation of Ch. 179 of the Acts of 1908 (p. 564), regulating the sale and the granting of licenses for the sale of spirituous and fermented liquors in Baltimore County.

By section 10 of the Act, it is provided, that no person having a license under the provisions of this Act shall sell or give away any spirituous liquors on the Sabbath day, commonly called Sunday, * * * nor shall he sell or give away any spirituous or fermented liquors at his place of business between the hours of twelve o'clock midnight and five o'clock A. M. at any time.

By the 14th section it is provided, that if any person having a license under the provisions of this Act, shall violate any of its provisions, upon conviction thereof, except in the cases enumerated in the next preceding and succeeding sections, he shall pay a fine of not less than one hundred dollars, nor more than three hundred dollars, and on conviction a second time he shall pay a fine of two hundred dollars, and his license shall be suppressed.

The indictment charges, that heretofore, to wit, at the May Term of the Circuit Court for Baltimore County, in the year of our Lord, one thousand nine hundred and twelve, one Thomas J. Kenny, late of said county, was indicted by the Grand Inquest of the State of Maryland, in and for Baltimore County, for the unlawful sale of a certain quantity of spirituous and fermented liquors, to wit, beer, to a certain Ferdinand Groshans, on the Sabbath day, commonly called Sunday, to wit, on the fifth day of May, in the year of our

Lord one thousand nine hundred and twelve; that on the twentieth day of June, in the year of our Lord, one thousand nine hundred and twelve, at a session of the said, the Circuit Court for Baltimore County, upon the indictment aforesaid the said Thomas J. Kenny was convicted and judgment was entered by the Court that the said Thomas J. Kenny pay a fine of two hundred dollars and costs; as by the record thereof will more fully and at large appear; which said judgment still remains in full force and effect, and not in the least reversed or made void.

And the jurors aforesaid, upon their oath aforesaid, do further present that the said Thomas J. Kenny afterwards, and after he had been so convicted as aforesaid, to wit, on the eighteenth day of August, in the year of our Lord one thousand nine hundred and twelve, at the county aforesaid, the same day in the year aforesaid, being the Sabbath day, commonly called Sunday, having then and there a license to sell spirituous and fermented liquors under the provisions of the Acts of the General Assembly of Maryland, of 1908, Chapter 179, unlawfully did sell a certain Harvey Baker, a certain quantity of fermented liquor, to wit, beer, contrary to the form of the Act of Assembly in such cases made and provided, and against the peace, government and dignity of the State.

A demurrer was interposed to the indictment by the traverser, but was overruled by the Court below, and the case was tried upon the plea of *non cul.* He was convicted, and upon the verdict of guilty, it appears by a certified copy of the docket entries filed herein on the 18th day of April, 1913, at the hearing of the case that the Court imposed a judgment and sentence, that the traverser pay a fine of $200 and costs and that his license be suppressed.

The learned Attorney-General very properly concedes in his brief, on behalf of the State, that the Court below committed an error in the imposition of the sentence, and in this we concur.

The verdict in this case, it will· be observed, was simply "guilty" generally, and did not justify the penalty provided· by the statute for a second offense, as imposed by the Court in this case.

In *Maguire* v. *State,* 47 Md. 485,. JUDGE ALVEY, in delivering the opinion of this Court, said,. the authorities are clear to the ·effect that in order to justify a sentence for a second offense, it must appear by. the verdict that the jury have found the party guilty of such second offense. *Thomas* v. *Commonwealth,* 22 Gratt. 912; 3 *Wharton,* C. L. sec. 3418; 1 *Bishop, Crim. Law,* 961.

The ruling in *Maguire's case, supra,* was followed by us in the more recent case of *Goeller* v. *State,* 119 Md. 61 (85 Atlantic Reporter, 954), involving a construction of the very statute, upon which this indictment is based. In *Goeller's case,* we said however, that nothing·we have said herein is to be understood as applicable to the imposition of a penalty in any case, not arising under a statute of the character before us.

If the error in the judgment or sentence itself, was the only error committed by the Court below in this case, we should reverse the judgment and remand the record, to the Court below, in order that a proper judgment could be pronounced upon the indictment and conviction. Art. 5, sec. 81, *Code of Public General Laws; McDonald* v. *State,* 45 Md. 90; *Lynn* v. *State,* 84 Md. 83.

But, we think, there was an error committed·by the Court in not sustaining the demurrer to the indictment.

The traverser was indicted as a licensee, for a second offense, under section 14 of the Acts of 1908, Chapter 179, and this section relates only to offenses committed by persons having a license under the provisions of the. Act.

While the indictment charges that the traverser was a licensee at the time of the second sale, it fails altogether to allege that he was a licensee when convicted for the first offense. Hence, the indictment was defective, because it did not bring the traverser within that class of persons upon

whom alone the provisions of the Act, under which he was indicted, were designed to operate.

It seems to be clear, that a licensee who sells on Sunday, is liable under section 10 of the Act, for the first offense, and under section 14 of the Act, for a second offense. Section 14, applies to offenses committed by persons having a license under the provisions of the Act, and to a licensee who had been convicted under section 10 of the Act, for a first offense.

In other words, a licensee who sells on Sunday is liable to the penalty prescribed by the Act, when convicted of a first offense under section 10 of the Act, and is liable under section 14 for a second offense.

Manifestly, he could not be liable as a licensee under the Act, for a second offense until he had been convicted, as a licensee, for a first offense, and the omission to charge in the indictment that he was a licensee when first convicted leaves the indictment open to this objection, and renders it defective on demurrer.

In *Bode* v. *State,* 7 Gill, 327, it is said, it is perfectly clear upon the settled principles of pleading in criminal cases, that it was incumbent on the State, to bring the party charged within the purview of the statute, by a positive averment that he belonged to that class of persons, who only were restrained from selling upon the Sabbath, and against whom alone the penalties provided by the Act, in case of its violation, were intended to be denounced. The proposition is, we think, incontrovertible that the indictment should have contained on its face a distinct allegation, that the traverser was within the class of persons thus described.

The design of the Legislature in passing Ch. 179 of the Acts of 1908, was to regulate the granting of licenses for the sale of spirituous and fermented liquors in Baltimore County, as its title indicates, and its provisions, penalties and forfeitures are applicable and relate to licensed dealers.

This Act is limited and confined to a prescribed class and only persons "having a license under the provisions of the

Act" are liable under sections 10 and 14, and amenable to the penalties of the Act.

Chapter 179 of the Acts of 1908, however, it will be seen, does not repeal section 385 of Article 27 of the Code of Public General Laws (1904), title "Sabbath Breaking", in so far as it applies to persons, who are not licensed dealers, and who sell spirituous or fermented liquors on Sunday in violation of that section, in Baltimore County. *State* v. *Popp,* 45 Md. 432; *State* v. *Edlavitch,* 77 Md. 144; *Seick* v. *State,* 94 Md. 72.

A different punishment is provided by the Acts of 1908, Chapter 179, the Local Law, for a licensee who sells on Sunday, from that prescribed for "Any person" who sells on Sunday, under the General Law, section 385 of Article 27 of the Code (1904), and as section 28 of the Local Law repeals all Acts or parts of Acts, inconsistent therewith, we think, it is apparent, that the indictment in this case properly brought under the Local Law and not under the General Law, section 385 of Article 27 of the Code of Public General laws, 1904.

The indictment on its face charges that at the time of the second offense the traverser had a license to sell "under the provisions of the Act of the General Assembly of Maryland of 1908, Chapter 179," and he was brought into Court to answer the violation of this Act, the Local Law and not the General Law. Under this state of facts the reference to the Act of 1908, in the indictment, cannot be treated as mere surplusage, as contended for upon behalf of the State, and its contention in this respect, will be overruled.

For the reasons stated, the demurrer should have been sustained by the Court below and the indictment quashed.

The judgment, therefore, will be reversed, but inasmuch as the traverser was not tried on a valid indictment he can be re-indicted and tried again. *Stearns* v. *State,* 81 Md. 346; *Kiefer* v. *State,* 87 Md. 568.

*Judgment reversed and cause remanded.*