# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed June 24, 1927.

CLARENCE McCURDY
VS.
SUPT. MARYLAND HOUSE OF CORRECTION.

Benjamin L. Wolfson and Joseph O. Buchoff attorneys for petitioner.

Charles C. Dipaula, Assistant State's Attorney, for respondent.

O'DUNNE, J.—

The question involved is the validity of the petitioner's present imprisonment under the year sentence passed as indicated in the caption.

Habeas corpus is a high prerogative writ, and a proper one to test the validity of any alleged illegal restraint of liberty. It is not always the only remedy, but occasionally the most adequate one; generally the quickest and least expensive.

This case went to the Court of Appeals. It will probably be reported in 151 Maryland. Opinion is found in

Daily Record, Nov. 23, 1926. The judgment was there affirmed on the record as presented.

Briefly, the history of the case, and my analysis of the above decision are as follows: The prosecution arose in Circuit Court for Washington County under the local option law of 1908, Ch. 380, and Acts 1916, Ch. 30, Sec. 5. There were three counts in the indictment. First, charged sale to person named. Second, sale to John Doe. Third, manufacturing (liquor) for sale. First count was abandoned by State, deft. acquitted on second and convicted on third.

The penalty provided in the Act under which third count was drawn was as follows: (Act 1916, Ch. 30, Sec. 5).

*"Any person * * * manufacturing alcoholic liquor within such political unit so voting for prohibition shall be liable for all the penalties now or hereafter prescribed for manufacturing liquor without a license."*

It is admitted, and so stated in the opinion in the above case, that there is, and was, no law in Washington County so prescribing *any penalty* for such *manufacture* without a license. Deft. was, however, sentenced to $500 fine and 1 year in House of Correction. Motion for new trial was made, also motion in arrest of judgment. Both were heard and each was overruled. Appeal was prosecuted and the judgment was affirmed.

The only two questions before the Court of Appeals therefore were these:

(a) Was there error in overruling the motion for new trial?

(b) Same question as to motion in arrest of judgment?

The Court of Appeals decided (a) that no appeal lies from action of Court in overruling motion for new trial, which is in the sound discretion of the lower Court.

(b) That ever since the Act of 1852, sustained by a long line of Maryland decisions, no question can be raised on motion in arrest of judgment that could have been made the subject matter of demurrer;

(c) That the alleged lack of penalty for the offense described in the third count of which he was convicted, *was* such a subject matter that it could have been raised by demurrer, and

therefore that it could *not* be raised by motion in arrest.

In other words, the Court of Appeals simply decided that in the first choice of legal weapons, the petitioner had selected the wrong or inadequate implements. It did not tell him in so many words that the writ of habeas corpus was the only one still left him, but did tell him that demurrer *would* have been a proper one. The time for use of that was gone.

My first impression was that the sentence could be upheld on the theory that where the statute creates a crime, and provides no penalty, the common law rule applies, and that common law penalty of fine or imprisonment, in the Court's discretion, may be imposed.

The Court of Appeals in this late decision in this very case, dispels that thought very expressly, as follows:

*"While it is true that an indictment may lie for the violation of a statute, although it imposes no penalty, yet the statute shows on its face that the Legislature only intended such penalties as were then or might thereafter be prescribed, that is to say by the Legislature, and not such as would be imposed by the common law for violating a statute, then it would seem clear that the latter could not be imposed."*

Therefore, it seems to me that the whole sentence was necessarily void. The prisoner has paid his $500 fine and has served over six months of his year's sentence, and, with good behavior time off, has less than 4 months now to serve. No tears need be shed over his imprisonment as far as the equities of the case are concerned. He may be a menace to society in jail or out of it, a manufacturer of illegal liquor and stimulating others by illegal sales to the breaking of our laws, Federal and State; but, with that question we are not concerned on this application. Constitutional rights apply with equal force to all grades of citizenship.

There is another aspect of this case which has not been argued or even suggested by counsel on either side, and which has given me more concern than the other questions presented, and which I approach with a feeling of some delicacy. It is this:

I am mindful of the decision of Lynn vs. State, 84 Md., page 83, and of Cochran vs. State, 119 Md., on page

539, and Goeller vs. State, 119 Md. 61, and Kenny vs. State, 121 Md. 120, where the Court of Appeals refers to Art. 5, Sec. 81, and says:

"That if the error in the judgment or sentence itself was the only error committed by the Court below, the judgment may be reversed and remanded to the Court below *in order that a proper judgment may be pronounced on the indictment*." The question that confronts me is, was this such a case that the Court of Appeals could have reversed for error of sentence, and remanded, in order that the Court below could correct the sentence by passing a valid one? If so, it would not become me to act in the premises at all, *except to remand the prisoner to the House of Correction.*

My interpretation of the opinion of the Court of Appeals in the McCurdy case (to appear in 151 Md.) is that they did not intimate there was any validity in the sentence passed; on the contrary, indicated that there is *no law* in Washington County prescribing *any penalty* for the offense of which defendant was convicted, and clearly stated that the common law penalty could *not* be applied. Therefore I take it (right or wrong as I may be in this interpretation) that that was the reason, and the sole reason, why the Court did not consider that Art. 5, Sec. 81, was applicable, as no remand could be made for the purpose of passing a *valid* sentence if *no* valid sentence could be imposed, there being no law to warrant *any sentence.*

It might be further suggested that the Court of Appeals could have reversed the case, had it thought proper to do so, and invoked this statute (Art. 5, Sec. 81) and remanded that traverser might be "paroled," if no other *valid sentence* could be imposed under the law.

It seems to me the answer to this suggestion, if made, would be that our Court of Appeals has decided in the Symington case in 133 Md. 452, that a suspension of sentence and parole is not a judgment or sentence, and no appeal will lie from it. Therefore, as the statute in question seems to apply *only* in cases where a *valid judgment or sentence can be pronounced*, I take it that this was the reason why the Court of Appeals felt it could not apply that section of the law and why, therefore, no remand could be made under the statute for the purpose of "*correcting*" the sentence, as no correction, by way of sentence, could be made. The Court of Appeals decided the only questions before it on the record, to wit, motion for new trial and motion in arrest of judgment. It further indicated that it could have been raised by *demurrer*, and that no demurrer was before it. The question now before this Court on habeas corpus, as to the validity of the sentence, was not before the Court of Appeals. It could not, therefore, pass upon it. That question *is* squarely presented here, on the high prerogative writ of habeas corpus. All this nisi prius Court can do is to exercise its honest judgment on the single question presented, to wit, the validity of the present imprisonment. Being of the opinion (after such careful study of the decisions as I have been able to make since the argument of the case today) that the present imprisonment is without warrant of law to support it, I so decide and order the prisoner released and will sign the order accordingly.