# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## June 18, 1919.

## THE PEOPLE v. PATRICK COONEY.

(1.) INDICTMENT CHARGING SECOND OFFENSE\*—TRIAL—INSTRUCTIONS—
CHARGE THAT PRIOR OFFENSES WERE RECITED TO AFFECT DEFENDANT'S
CREDIBILITY AS WITNESS ERRONEOUS BUT HARMLESS.

It is improper for the court on a prosecution against one indicted
as a second offender to charge that the record of his previous convictions
were put in the indictment to affect his credibility, and it is error to
refuse to charge, at the request of the defendant, that the indictment
did not contain a recital of the previous convictions for the purpose of
affecting the credibility of the defendant as a witness, but as bearing
upon the subject of his punishment in the event that he should be
convicted.

(2.) SAME.

However, the charge as given, or the refusal to charge, was not pre-
judicial where the prior convictions were properly before the court, for
it is immaterial to the jury whether the court charged that they were
recited in the indictment for the purpose of affecting the defendant's
credibility, or whether it charged that, having been introduced in evidence
and the defendant having testified in his own behalf, they could then
consider them as bearing upon his credibility.

APPEAL by the defendant, Patrick Cooney, from a judgment
of the County Court of Kings county, rendered against him
on the 6th day of September, 1917, convicting him of the crimes
of burglary in the second degree, robbery in the second degree,
grand larceny in the first degree and assault in the second
degree as a second offense.

---

\* See notes, Vol. 6, p. 374; Vol. 10, p. 558; Vol. 14, p. 174; Vol. 22,
p. 454.

*George Gordon Battle* (*Lanman Crosby* with him on the brief), for appellant.

*Harry G. Anderson, Assistant District Attorney* (*Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

PER CURIAM:

While we have given careful attention to all the reasons urged by the learned counsel for the defendant for the reversal of the judgment of conviction herein, we consider it necessary to refer to only one. In the course of his charge the learned county judge said: "And, again, the law says that where one is indicted as a second offender and there is placed in the indictment the record of his previous wrong doings, and, as in this case, when he has testified himself as to two others in addition to these three that are here recorded, it is done for the purpose of affecting his credibility. Knowing his record, it is for you to say whether you believe him or not, and so that is the reason, he being charged as a second offender here, that you can take these previous convictions into consideration upon his credibility, not, of course, to prove that he is guilty of the crime charged here."

An exception was taken to this and later the court was asked to charge that the indictment did not contain a recital of the previous convictions for the purpose of affecting the credibility of the defendant, but as bearing upon the subject of his punishment in the event that he should be convicted. As a matter of law, the charge was erroneous as made, and the refusal to charge as requested was also erroneous, but the defendant was not prejudiced in any way by the charge or refusal to charge. These previous convictions were properly before the court, and the defendant having testified as a witness in his own behalf the jury could take into consideration the previous convictions

as bearing upon his credibility. It was perfectly immaterial to the jury whether the court charged that they were recited in the indictment for that purpose or whether the court charged the jury that, having been introduced in evidence and the defendant having testified in his own behalf, they could then consider them as bearing upon his credibility. The effect was the same in either event. The jury was entitled to consider these previous convictions as bearing upon the defendant's credibility. The error was harmless.

The judgment of conviction of the County Court of Kings county should be affirmed.

JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment of conviction of the County Court of Kings county affirmed.