(No. 16072.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES LAWRENCE, Plaintiff in Error.

*Opinion filed October 28, 1924—Rehearing denied Dec. 5, 1924.*

CRIMINAL LAW—*when general finding that defendant is guilty is sufficient for conviction of second offense.* A general finding in a trial before the court that the defendant is guilty is equivalent to a finding that he is guilty in manner and form as charged in the indictment; and where the indictment charges in one count a previous conviction of the same offense and the judgment fixes the penalty for a second offense, the judgment will be sustained although the court did not specify under which count it found the defendant guilty.

DUNCAN, C. J. and STONE and DEYOUNG, JJ., dissenting.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding.

THOMAS E. SWANSON, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Per CURIAM: Section 137*f* of the Criminal Code provides, that whoever, in any room, saloon, inn, tavern, shed, booth or building or enclosure, or in any part thereof, operates, keeps, owns, rents or uses any slot machine or any other device upon which money is staked or hazarded or into which money is paid or played upon chance, or upon the result of the action of which money or other valuable thing is staked, bet, hazarded, won or lost, shall, upon conviction, for the first offense be fined not less than $100; and for a second offense be fined not less than $500 and

be confined in the county jail for not less than six months; and for the third offense shall be fined not less than $500 and be imprisoned in the penitentiary not less than two years nor more than four years. (Hurd's Stat. 1921, p. 1099.)

Plaintiff in error, James Lawrence, was tried and convicted in the criminal court of Cook county on an indictment in two counts for the violation of said section, to which he plead not guilty before the court without a jury, a jury having been waived by him. The first count charges that on April 25, 1923, in Cook county, Illinois, James Lawrence did keep, operate, own and use a certain slot machine for gambling purposes. The second count charges that in September, 1922, he was indicted by the grand jury of Cook county for keeping a slot machine for gambling purposes, and that at the December term, 1922, of the criminal court of Cook county he was convicted of said offense and paid a fine of $50 and costs, and that after said conviction and sentence he did on April 25, 1923, in a certain building in said county, keep and operate a certain machine for gambling purposes. The record of the finding and judgment of the court simply shows that the court found, in general terms, that the defendant was guilty, without specifying under which count he was found guilty or any more particularly of what offense he was found guilty. After overruling the defendant's motion in arrest of judgment the court entered a judgment on the above finding, sentencing the defendant to serve one year in the house of correction and to pay a fine of $500. The judgment of the court was reviewed by the Appellate Court for the First District on a writ of error and that court affirmed the judgment and sentence, and a writ of error is prosecuted in this court to review the judgment of the Appellate Court.

One of the contentions of the plaintiff in error is that the finding of the court that "the defendant is guilty" is fatally defective and will not support a judgment of convic-

tion. Under the adjudicated cases in this State the finding aforesaid of the court is equivalent to a finding that the defendant is guilty in manner and form as charged in the indictment. *Armstrong* v. *People,* 37 Ill. 459; *Bond* v. *People,* 39 id. 26; *Mai* v. *People,* 224 id. 414.

We cannot agree with plaintiff in error's statement that the finding of the court in this case is simply and specifically that the defendant is guilty of keeping a slot machine. If that had been the finding it would not have been a sufficient finding that the defendant was guilty of any offense or crime stated in the indictment. The offense denounced by the statute and charged in the indictment is keeping a slot machine for gambling purposes. There are some recitals in the judgment which, if considered alone, might warrant plaintiff in error's contention, but the distinct and primary finding in the record by the court is that "the defendant is guilty," which, as already indicated, is equivalent to a finding that the defendant is guilty in manner and form as charged in the indictment.

Another contention made by plaintiff in error is, that the general finding of the court that "the defendant is guilty" does not support the judgment and sentence of the court in the record, which, in fact, are under the second count of the indictment. It is true that the general finding of guilty means that the defendant is guilty of keeping a slot machine for gambling purposes, as charged in the indictment. That is the only offense charged in the first and second counts of the indictment. The second count further charges that the plaintiff in error had been previously convicted and sentenced for the same offense, but that did not change the character of the offense charged. It simply authorized a greater penalty for the same offense if the added allegation was proved. The further finding by the court that the defendant had been previously convicted of the same offense would merely have served to identify the count of the indictment under which the court found him

guilty. It, however, clearly appears that the court found the defendant guilty under the second count from the fact that the court gave him a sentence that was only authorized under that count. It was not necessary, therefore, for the court to specify the count under which it found him guilty.

In the cases of *People* v. *Pleitt,* 308 Ill. 323, and *People* v. *Hildebrand,* 307 id. 544, all the counts in the indictments charged the defendants with robbery and that at the times and places of the commission of the crimes they were each armed with a revolver, a dangerous weapon. The latter allegation that they were armed with such dangerous weapon authorized a greater penalty, if proved. In those cases we held, in substance, that as all the counts charged the additional fact that they were armed with a deadly weapon, a finding of the jury that they were "guilty of robbery in manner and form as charged in the indictment" was a sufficient finding that they were armed with such deadly weapon when they committed the robberies. Other State courts hold to the technical rule contended for by plaintiff in error, as will be seen in the cases of *Kenny* v. *State,* 121 Md. 120, *Thomas* v. *Commonwealth,* 22 Gratt. 912, and *State* v. *Findling,* 123 Minn. 413. The foregoing cases are supported by other American as well as English courts, but this court has adopted the rule here laid down as applicable to all cases where the very nature of the case does not require a special finding by the jury, as in cases of larceny where the value of the property stolen is necessary to determine whether the offense is petit or grand larceny.

The errors assigned are on the common law record, only, but the defendant is bound by the presumption that the proofs supported the judgment for a second offense. The judgment is therefore affirmed.    *Judgment affirmed.*

DUNCAN, C. J., STONE and DEYOUNG, JJ., dissenting.