The People of the State of Illinois, Defendant in Error,
v. Harmon Clark, Plaintiff in Error.

Opinion filed July 26, 1929.

R. E. Smith, for plaintiff in error.

Marion M. Hart, State's Attorney, for defendant in error.

Mr. Presiding Justice Barry delivered the opinion of the court.

An information consisting of three counts charged plaintiff in error with the unlawful sale, unlawful possession of intoxicating liquors and with maintaining a common nuisance. He entered a plea of guilty to each count and the court sentenced him to the Illinois State

Farm for a period of six months and fined him $1,000 and costs.

It is his contention that the record does not show that he was arraigned. While the record does not show a formal arraignment, it does show that plaintiff in error was present in court and entered a plea of guilty. It is fairly inferable that he was brought to the bar of the court and duly arraigned and called upon to plead. *People v. Pennington,* 267 Ill. 45.

It is next contended that the judgment of the trial court is void because the court did not sentence plaintiff in error under each count of the information. In any event the judgment would not be void for that reason. There is no trouble whatever with the judgment. The only question is as to whether plaintiff in error was properly sentenced. Where the only trouble is in regard to the sentence the judgment would simply be reversed with directions to the trial court to enter a proper sentence. *Johnson v. People,* 83 Ill. 431; *People v. Elliott,* 272 Ill. 592.

The sentence imposed upon plaintiff in error is not a proper sentence under the second or third counts of the information. It is a proper sentence under the first count, which charges an unlawful sale of intoxicating liquor. Under somewhat similar circumstances it has been held that the sentence should be construed as applying to the charge for which such a punishment might be imposed under the law. *People v. Carr,* 255 Ill. 203; *People v. Lawrence,* 314 Ill. 292. Under these authorities we think it unnecessary to reverse with directions to sentence plaintiff in error under each count of the information. No reversible error having been pointed out, the judgment is affirmed.

*Affirmed.*