STATE EX .REL. HAROLD ROSS v. J. J. SULLIVAN.[1]

March 14, 1930.

No. 27,859.

[1]Reported in 229 N. W. 787.

*Harry A. Hageman* and *Edward J. Falvey,* for relator.

*Henry N. Benson,* Attorney General, and *Hayner N. Larson,* for respondent.

DIBELL, J.

Writ of habeas corpus from the district court of Washington county to the warden of the state prison. Its purpose was to determine whether the sentence of the relator had expired. The writ was quashed, the court holding that the term of imprisonment had not expired, and the relator appeals. The trial is de novo upon the evidence produced before us. G. S. 1923 (2 Mason, 1927) § 9768.

The relator was indicted in St. Louis county for robbery in the first degree and pleaded guilty. The penalty fixed by the statute is not less than 5 nor more than 40 years. G. S. 1923 (2 Mason, 1927) § 10103. The crime was committed in 1925, and the conviction and sentence were in the same year. The indictment alleged two former convictions of felonies. Under G. S. 1923, § 9931, which was in force at all times important here, but since amended, one convicted of a felony for which the penalty was imprisonment in the state prison, who had been theretofore convicted of a felony, was imprisoned for a term not less than the longest term nor more than twice the longest term prescribed upon a first conviction.

In 1911 there was enacted the indeterminate sentence act, which as amended in 1917 and now embodied in G. S. 1923 (2 Mason, 1927) § 10765, is as follows:

"Whenever any person is convicted of any felony or crime committed after the passage of this act, punishable by imprisonment

in the state prison or state reformatory, except treason or murder in the first or second degree as defined by law, the court in imposing sentence shall not fix a definite term of imprisonment, but may fix in said sentence the maximum term of such imprisonment, and shall sentence every such person to the state reformatory or to the state prison, as the case may require, and the person sentenced shall be subject to release on parole and to final discharge by the board of parole as hereinafter provided, but imprisonment under such sentence shall not exceed the maximum term fixed by law or by the court, if the court has fixed the maximum term　*　*　*.''

The important feature of the 1917 amendment was the grant to the trial court of the power to fix the maximum term. No such power was given by the 1911 act, nor was power given to fix the minimum, nor was there a provision in § 9931 giving the court power over the minimum or maximum.

The relator was sentenced on September 21, 1925, by Grannis, J. "for the term of not exceeding five years." The state authorities now claim that the sentence is erroneous; that it should have been for not less than 40 nor more than 80 years; and that the relator should be remanded to the district court to the end that Judge Grannis amend the sentence or resentence the relator so as to give a penalty of from 40 to 80 years. It is said to be anomalous that the courts by § 10765 be given the power to make the maximum sentence less than the minimum fixed by § 9931 in case of prior convictions.

An anomaly in a statute does not frighten; and if we construed the provision in the indeterminate sentence act to mean otherwise than it says we would decline to give effect to the twice expressed purpose that the court might fix the maximum term of imprisonment. The right construction is clear. The court may fix the maximum term though it be less than the minimum designated in § 9931. It may be noted, though unimportant here, that L. 1927, p. 337, c. 236, amended § 9931, so that nothing therein contained should reduce any minimum sentence fixed by law. No change was made in § 10765.

The sentence of Judge Grannis was valid. It is agreed that, with allowances earned for good behavior, the relator's sentence, if the five years' maximum was proper as we hold, expired on June 10, 1929. He is entitled to his liberty.

Judgment will be entered discharging the relator from the custody of the warden of the state prison.

Judgment for relator.

STONE, J.

I concur in the result.

HILTON, J. (dissenting).

The crime charged in the indictment was first degree robbery with prior convictions of two felonies. To this indictment defendant pleaded guilty and in an examination by the court before sentence admitted the convictions of the prior offenses charged. This presented a situation that affected the punishment to be imposed and that only. Under R. L. 1905, § 4772 (now G. S. 1923, § 9931) the sentence should have been for not less than 40 years or more than 80 years. Such increased punishment was as specifically provided for as was the lesser one of from 5 to 40 years if there had been no prior conviction. The declaration of the legislature as to the penalty to be imposed when there are prior convictions charged and proved is binding on the courts. People v. Lawrence, 314 Ill. 292, 145 N. E. 384; Watson v. State, 190 Wis. 245, 208 N. W. 897; State v. Reilly, 94 Conn. 698, 110 A. 550; People v. Cooney, 188 App. Div. 292, 176 N. Y. S. 782; see also People v. Gowasky, 244 N. Y. 451, 155 N. E. 737, 58 A. L. R. 9; Hambrick v. State, 80 Fla. 672, 86 So. 623, 14 A. L. R. 987.

I do not think that the indeterminate sentence law referred to in the majority opinion, either as it appeared in L. 1911, p. 412, c. 298, or as amended by L. 1917, p. 455, c. 319, gave the trial court power to impose a maximum sentence of less than 40 years. For years there have been, and there are now, statutes providing punishment for serious crimes, in which a minimum sentence is fixed; in some at ten years, in others at seven years, and still others at five years. The majority opinion would have permitted the district

court prior to the enactment of L. 1927, p. 337, c. 236, to sentence an offender, who had been convicted of any crime where a minimum was fixed, to a sentence of a few months in the state prison. In this case the court would have been permitted to impose a sentence even less than the five-year minimum irrespective of the law requiring the increased. punishment. Such could not have been the legislative intent. R. L. 1905, § 4772, was not expressly repealed by the 1911 law or the 1917 law hereinbefore referred to. Repeals by implication are not favored. 6 Dunnell, Minn. Dig. (2 ed.) § 8927. Although not controlling, it is to be noted that the legislature did not think that R. L. 1905, § 4772 (now G. S. 1923, § 9931) had been repealed by L. 1917, p. 455, c. 319, for in 1927 it expressly amended G. S. 1923 § 9931, by enacting L. 1927, p. 337, c. 236.

I am of opinion that relator should be taken to the district court of St. Louis county and there sentenced nunc pro tunc for a term of not less than 40 years and not more than 80 years. The circumstance that he has served all of his previous sentence, which was less than the statutory requirement, makes no difference.

