The People of the State of Illinois, Defendant in Error, v. Jacob Isonhart, Alias Jake Isonhart, Plaintiff in Error.

Gen. No. 8,392.

Heard in this court at the January term, 1930. Opinion filed June 11, 1930. Rehearing denied October 16, 1930.

JOHN F. PEARL and CHAS. P. KANE, for plaintiff in error.

WIRT HERRICK, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

Plaintiff in error was convicted in the county court of DeWitt county upon an information containing two counts, one count charging the unlawful possession of intoxicating liquor for the purpose of sale, and the second count charging an illegal sale, the conviction being upon both counts, and the record is brought to this court, by writ of error, for review. There is sufficient competent evidence in the record to support the verdict and judgment of conviction. The judgment was entered generally upon the verdict and the sentence was as follows:

"And now the said defendant, Jacob Isonhart, alias Jake Isonhart, is sentenced by the court to be com-

mitted to and confined in the Illinois State Farm at Vandalia, Illinois for a period of sixty days and to pay a fine of Two Hundred Dollars ($200) and stand committed until costs and fine are paid.''

It is objected that the sentence is void because it is not made to apply to each count independently, and is made in the general form. It has been held that, where an information consisting of three counts charged the plaintiff in error with the unlawful sale, unlawful possession of intoxicating liquors, and with maintaining a common nuisance, to which a plea of guilty was entered to each count, the court sentenced the plaintiff in error to the Illinois State Farm for period of six months and fined him $1,000 and costs, ''The judgment of the trial court was not void because the trial court did not sentence the plaintiff in error under each count of the information; that if sentence was incorrect, the judgment would be reversed with directions to the trial court to enter a proper sentence; that the sentence imposed is not a proper sentence under the second or third counts of the information; that it is a proper sentence under the first count; and that under the decisions of the Supreme Court the sentence should be construed as applying to the charge for which such punishment might be imposed under the law. It is therefore unnecessary to reverse with directions to sentence plaintiff in error under each count of the information.'' Judgment was affirmed. (*People v. Clark,* 254 Ill. App. 209, 210; *People v. Lawrence,* 314 Ill. 292, 295; *People v. Welch,* 331 Ill. 20, 23.)

As to that part of the sentence committing plaintiff in error to the Illinois State Farm until the fine and costs are fully paid, the court in *People v. Lavendowski,* 329 Ill. 223, 234, has held such a sentence valid and legal, upon a review of all the authorities, and thereupon said: ''Section 4 of the State Farm Act (Cahill's Stat. 1925, p. 256; Smith's Stat. 1925, p. 2096;) assumes the existence of this power, for it pro-

vides: 'Every person sentenced or committed to the Illinois State Farm for a definite period, or for failure to pay a fine and costs, shall be entitled to a diminution of his sentence or confinement, in accordance with the general law relating to diminution of sentences in jails for good behavior.' "

This ruling was affirmed in *People v. Welch,* 331 Ill. 20, 23. What was said in *People v. Stavrakas,* 335 Ill. 570, 581, had reference to a sentence to the State penitentiary and does not apply to this case.

Plaintiff in error assigns error that his motion objecting to the panel of jurors was stricken from the files. No offer was made by plaintiff in error to substantiate the ground for challenge and the error, if it was such, is not argued.

It is contended that it was erroneous to permit a witness to testify that he purchased liquor from plaintiff in error; that it calls for a conclusion and is the ultimate fact to be proved; that the nature of the liquor should be proved. It was shown in this case that the liquor purchased was whisky and where the liquor is shown to be one of the liquors named in the statute its intoxicating qualities need not be shown. *People v. McCanney,* 205 Ill. App. 91, 100. We can see no merit in this contention.

Objection is made to the giving of People's eighth instruction as follows: "The court instructs the jury that while the general rule is that the prosecution must prove all material allegations in the indictment or information beyond all reasonable doubt, there is an exception to said rule in that the prosecution does not have to prove what are known as negative averments in an information; the negative averments in the counts of this information being the ones which state that said intoxicating liquor was not for non-beverage purposes, or sacramental purposes, or obtained by a prescription issued and prescribed by a physician or that the defendant did not have a permit from the At-

torney General of the State of Illinois.'' No authorities are cited or argument made as to the error in this instruction and plaintiff in error substantially abandons the assignment.

Objection is made to the giving of the People's sixth instruction as follows: ''The court instructs the jury as a matter of law that the rule which clothes every person accused of crime with the presumption of innocence and imposes upon the State the burden of proving his guilt beyond a reasonable doubt is a humane provision of the law intended to prevent an innocent person from being convicted, but it is not intended to aid anyone who is in fact guilty of crime, to escape. It is the rule of law by which the necessity for evidence may be determined but is not itself evidence.'' The main objection made to the instruction is that it is a modified form of an instruction given in the case of *Spies v. People,* 122 Ill. 1, 82, and counsel do not find that it has been given before in this modified form. Plaintiff in error in this connection does not contend and object because no instruction was offered or given as to the presumption of innocence on behalf of plaintiff in error. Plaintiff in error offered no such instruction and therefore none was given. The presumption of innocence is a rule of law by which the necessity for evidence may be determined, but is not itself evidence (*People v. Grant,* 313 Ill. 69, 83), and we can see no error in this instruction.

It is contended that the verdict and judgment are against the manifest weight of the testimony and that there is no evidence in the record ''which shows that anyone ever purchased any intoxicating liquor from plaintiff in error.'' A careful reading of the record leads us to a different conclusion.

Finding no error in the record that will warrant a reversal, the judgment of the county court of DeWitt county is affirmed.

*Affirmed.*