## OGILVIE v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Sixth Circuit. December 16, 1929.

No. 5248.

H. D. Minor, of Memphis, Tenn., for petitioner.

Helen R. Carloss, of Washington, D. C. (Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Prew Savoy, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. But one question is involved in this review of the decision of the Board of Tax Appeals, viz.: Whether the petitioner, who is manager of the Goodwyn Institute of Memphis, Tenn., is to be classified as an "officer or employee" of the state under section 1211 of the Revenue Act of 1926, c. 27, 44 Stat. 9 (26 USCA § 1065b).

By his last will and testament William A. Goodwyn left the entire residue of his estate to the state of Tennessee in trust, however, to establish the Goodwyn Institute. It was provided that three commissioners should be appointed upon nomination of the Governor, to be confirmed by the Senate, and said commissioners were empowered and directed by the will to purchase real estate, erect a building, maintain a free library, conduct courses of lectures and various entertainments, and otherwise carry into effect the detailed plans of the testator. By chapter 353 of the Acts of 1903 the General Assembly of Tennessee accepted the said trust and authorized the Governor to appoint the three commissioners; but provided that by the acceptance of the trust the state did not assume custody of the trust fund nor responsibility for the care and preservation thereof. The executors of the estate were directed to pay said funds to the commissioners who were thereupon appointed. Since that time the commissioners have been appointed each four years and have managed and controlled the trust as provided in the will. The petitioner is employed by them. Periodic accounts are rendered to the Governor, but no supervisory power is exercised by the state either in the management of the trust, the expenditure of funds, or the audit of accounts. The Board of Tax Appeals held that, under the foregoing circumstances, the petitioner was not an employee of the state entitled to tax exemption within the meaning of said section 1211 of the Revenue Act of 1926. 9 B. T. A. 604.

In this ruling of the Board of Tax Appeals we concur. The situation is obviously not one in which the petitioner is entitled to exemption from taxation, as an agent or instrumentality of the state government, under the broad constitutional doctrine which forbids the federal government to levy a tax upon those agencies through which the state directly exercises its sovereign powers. See discussion in Metcalf v. Eddy & Mitchell, 269 U. S. 514, 521, et seq., 46 S. Ct. 172, 70 L. Ed. 384. The right to exemption must therefore be found, if it exists, in section 1211. Nor are we here confronted with the more difficult question of the direct exercise by the state of one of its recognized governmental functions (such as education) through the instrumentality of an otherwise privately endowed institution. In practically all such instances the institution is thereafter maintained under public acts, of general application throughout the state, and with at least partial support from the state treasury. The question then arising is not now decided.

We are of the opinion that in accepting the trust created by the will of William A. Goodwyn the state was merely giving effect to a privately created and privately controlled charity. The public nature of this charity, which would have justified the application of the cy pres doctrine had the state refused to accept the trust, is sufficient explanation of and justification for the state assuming responsibility for the appointment of the commissioners but refusing to accept custody of the res and responsibility for its care and preservation. What in substance was granted to and exercised by the state was a power of appointment of the commissioners, but only for the purposes and in the manner prescribed by the will. And because the state can act only through representatives it was apparently also the intention of the testator, given effect by the state legislation, that the trust should thereafter be administered by the commissioners as, perhaps, the alter ego of the state in its capacity as trustee.

Decisions have recognized both the power of the state to accept a trust, where a beneficial public interest is concerned, and the

difference between so doing and the direct exercise of its sovereign or governmental powers. Meriwether v. Garrett, 102 U. S. 472, 513, 26 L. Ed. 197; U. S. v. Michigan, 190 U. S. 379, 399, 23 S. Ct. 742, 47 L. Ed. 1103; Yale College Appeal, 67 Conn. 237, 245, 34 A. 1036; Bedford v. Bedford, 99 Ky. 273, 280, 35 S. W. 926. In construing legislation of the sort here involved, the courts have also recognized the difference between officers and employees within the provisions of the enactment, and those whose employment is incidental and indirect. Metcalf & Eddy v. Mitchell, supra; U. S. v. Germaine, 99 U. S. 508, 25 L. Ed. 482.

The criteria here applicable seem to be whether the service is rendered directly in the performance of a sovereign power and, secondly, whether the duties of the alleged officer or employee are created and prescribed by law, not necessarily the specific duties, but the general purpose and the means to the end. A state office or employment always contemplates some function or duty fixed by law. Compare U. S. v. Hartwell, 6 Wall. 385, 393, 18 L. Ed. 830. Here the duties of both the commissioners and the petitioner are prescribed, not by law, but by the will. The act of acceptance of the trust was in the nature of a special act, not one of general application. No other institute of this kind is authorized or established elsewhere in the state. No public moneys have been appropriated to this use. The commissioners take no oath and give no bond in accordance with the general law. Such commissioners are not controlled in the administration of their trust by any statutory restrictions. Their accounts are not audited by state accounting departments. The interest of the state is paternal and public, but the exercise of the sovereign power is collaterally invoked. Although the commissioners are appointed in the public interest, they exercise, when once appointed, we think, the duties of private fiduciaries under the will rather than those of a public servant directly vested with sovereign powers by statute. Cf. Lindsay v. Bowers, Collector, 17 F. (2d) 264 (D. C., S. D., N. Y.); South Carolina v. U. S., 199 U. S. 437, 26 S. Ct. 110, 59 L. Ed. 261, 4 Ann. Cas. 737. The state could not abolish the institution; nor divert its funds to other uses; nor control its activities beyond the provisions of the will. We conclude that the commissioners and their employees are not within the intent of section 1211.

Otherwise stated, we are of the opinion that section 1211 should be construed to include only those who serve the state or political subdivision while it is acting in the direct exercise of some clearly governmental function or sovereign power and that, so construed, the petitioner's situation does not fall within its provisions. Such interpretation is alone consistent with the principles of strict construction applied to statutes exempting persons or property from taxation. Bank of Commerce v. Tennessee, 161 U. S. 134, 146, 16 S. Ct. 456, 40 L. Ed. 645; Cornell v. Coyne, 192 U. S. 418, 431, 24 S. Ct. 383, 48 L. Ed. 504.

The decision of the Board of Tax Appeals is affirmed.