(No. 27306.— )

The People of the State of Illinois, Defendant in Error, vs. Robert Madden, Plaintiff in Error.

*Opinion filed November 16, 1943.*

Joseph H. Heinzen, for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

The defendant, Robert Madden, was indicted in the criminal court of Cook county for the crimes of burglary and larceny on December 24, 1942. The indictment consists of four counts. Of these, the first charges the forcible breaking and entry of a store operated by the A. & P. Corporation and the theft of property having an aggregate value of $387. The second count is identical with the first, except for the additional charge that defendant had

previously been convicted of the crime of burglary. Count three charges the entry of the store building was made without force and the larceny of the merchandise enumerated in the first two counts. The fourth count differs from the third only in charging a previous conviction of burglary. Defendant pleaded not guilty and waived a trial by jury. A stipulation discloses that in February, 1942, defendant was convicted of burglary, as charged in an earlier indictment, and placed on probation for three years, the first six months to be served in the county jail. In the instant case, defendant was found guilty of grand larceny of property having a value of $387 and of having been formerly convicted of a felony, as charged in the indictment. Defendant prosecutes this writ of error.

The sole contention urged in support of a reversal is that defendant should have been sentenced to an indeterminate term of one to ten years for the crime of grand larceny instead of to a determinate term of ten years. To support his contention, defendant complains that the trial judge failed to specify under which count or counts he was found guilty and sentenced as an habitual criminal. As narrated, the first and second counts are the same excepting only that the second charges a previous conviction of burglary. Similarly, the fourth count differs from the third in the same respect. It follows necessarily that the finding of guilty of the crime of grand larceny and of having been previously convicted of a felony, as charged in the indictment, was a finding under the second and fourth counts. Moreover, a prior conviction is not an ingredient of the principal offense charged but is. merely matter of aggravation going solely to the punishment to be imposed. *People* v. *Barg, ante,* p. 172; *People* v. *Atkinson,* 376 Ill. 623.

*Watson* v. *People,* 134 Ill. 374, relied upon by defendant does not aid him. In the *Watson case,* the first, second, and fourth counts of an indictment charged the de-

fendant with burglary and the third charged the burglary and, also, a previous conviction of burglary. The court instructed the jury to fix the defendant's incarceration in the penitentiary at twenty years if the jurors should find defendant guilty of the offense charged in the first count and that he had been previously convicted of burglary. For the adequate reason that the first count did not charge a previous conviction, the instruction was held erroneous. Here, the court, without the intervention of a jury, found the defendant guilty of grand larceny, as charged, and, further, that he had been previously convicted of a felony, namely, burglary, one of the crimes enumerated in section 1 of the Habitual Criminal Act. (Ill. Rev. Stat. 1943, chap. 38, par. 602.) The finding could, and did, relate only to the second and fourth counts.

The judgment is affirmed. *Judgment affirmed.*