## ROBERTSON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 60, October Term, 1956.]

[redacted]

*Decided February 7, 1957.*

[redacted]

Before BRUNE, C. J., and COLLINS, HENDERSON, HAM-MOND and PRESCOTT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Chief Judge Niles. Petitioner was convicted for violation of the narcotics law by Judge Tucker in the Criminal Court of Baltimore and sentenced on June 28, 1955, to four years in the House of Correction from March 24, 1955. The docket entries show that the indictment was in six counts, three of which charged possession of narcotics, heroin, or hypodermic needles, and three of which set up in addition a prior conviction in New Jersey upon which sentence was suspended. The accused entered a plea of *nolo contendere*. The trial court found a general verdict of guilty.

Code (1951), Article 27, Section 369 (Chapter 466, Acts of 1951) provides that "Whoever violates any provision of this sub-title shall upon conviction be fined not more than

One Thousand Dollars ($1,000.00) and be imprisoned not less than two or more than five years. For a second offense, or if, in case of a first conviction of violation of any provision of this sub-title, the offender shall previously have been convicted of any violation of the laws of the United States or of any other state, territory or district relating to narcotic drugs or marihuana, the offender shall be fined not more than Two Thousand Dollars ($2,000.00) and be imprisoned not less than five or more than ten years. * * * And except in the case of conviction for a first offense for violation of the provisions of this sub-title, the imposition or execution of sentence shall not be suspended and probation or parole shall not be granted until the minimum imprisonment herein provided for the offense shall have been served."

The appellant alleges that he was convicted and sentenced as a second offender, and the record contains evidence, in the form of a letter from the Director of Parole and Probation to Chief Judge Niles, that the Parole Board had declined to consider the petitioner for parole or give him a hearing in connection therewith, because the Director had "found that Robertson was indicted as a second offender and, according to the indictment, found guilty as such". The appellant claims that he is entitled to a hearing before the Parole Board, and also contends that he is entitled to release on the ground that his sentence is illegal and void, being less than the statutory minimum for a second offense.

The Attorney General seems to concede that the petitioner was convicted and sentenced for a second offense, but attempts to justify the sentence on the ground that Code (1951), Article 27, Section 728 (Chapter 536, Acts of 1906) permits a sentence below the statutory minimum. We referred to this section in *State v. Fisher,* 204 Md. 307, 315, in another connection, but pointed out that this statute would only be controlling in the case of laws existing at the time of its adoption, although it might perhaps be given effect as to subsequently enacted laws by construction. We find it unnecessary to decide the point here, for we think the conviction and sentence were for a first offense.

Passing the question whether under the law of New Jersey

a suspended sentence could be treated as a "conviction" (cf. *State v. Rappaport,* 211 Md. 523), it appears to be well settled, in this State at least, that where a greater penalty is imposed for a second offense, the prior conviction must be alleged and proved by documentary evidence and evidence of identity. *Maguire v. State,* 47 Md. 485, 496. Judge Alvey also said in that case (p. 498) that "* * * it may not be improper for us to notice, though not involved in the questions presented on this appeal, that as the verdict appears to have been guilty generally, without anything more, the judgment to be entered on it can only be as for a first offense." This dictum was followed, and the point squarely decided, in *Goeller v. State,* 119 Md. 61, 66, and *Kenny v. State,* 121 Md. 120, 123. We think those cases are controlling in the instant case, although the authorities in other states are divided on the question of the necessity of a special verdict. See notes, 58 A. L. R. 20, 93, 96; 116 A. L. R. 204, 234; 139 A. L. R. 673, 696.

Since we hold that the conviction and sentence in the instant case was for a first offense, it was clearly within the limits prescribed by the statute, and the claim of illegality must fail, even if we assume, without deciding, that the objection could be raised at this time by petition for *habeas corpus.* Cf. *Roberts v. Warden,* 206 Md. 246, 255. The fact that the petitioner was denied consideration of his application for parole would not entitle him to release on *habeas corpus,* even though the Parole Board was in error in the construction it placed upon the conviction and sentence. For present purposes we shall assume that, upon application for reconsideration, the Board will give his case such attention as it may merit.

*Application denied, with costs.*