## BEARD v. STATE

[No. 5, September Term, 1957.]

*Decided April 21, 1958.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

*Robert S. Heise,* for appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* and *Joseph S. Kaufman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *J. Harold Grady, State's Attorney for Baltimore City,* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, Beard, was tried in the Criminal Court of Baltimore on December 5, 1952, for violation of the narcotics law, was found guilty by the jury on four counts of the indictment against him and was sentenced on December 17, 1952, to fifteen years' imprisonment. He sought to appeal within the time allowed by law, but for some reason not fully explained there was delay on the part of the prison authorities in censoring and forwarding Beard's appeal. He later filed a petition for a writ of *habeas corpus,* which, after our holding in *Beard v. Warden,* 211 Md. 658, 128 A. 2d 426, and a hearing in accordance therewith, resulted in this delayed appeal. At the above hearing, Beard was represented by court-appointed counsel, and at his request the same counsel was appointed to represent him on this appeal. (He was represented by other counsel at his original trial.)

The indictment contained six counts. The first two charged, respectively, that Beard had possession and control of a narcotic drug on October 14, 1952; the 3rd and 4th counts recited, respectively, that he had been convicted of possession and control of a narcotic drug on November 24, 1950, and charged him with corresponding offenses on October 14, 1952. The 5th and 6th counts recited, respectively, that he had been convicted of possession and control of a narcotic drug on January 30, 1948, and charged him with corresponding offenses on October 14, 1952. The State conceded in this Court that there was but one offense committed on October 14, 1952, whether it was having possession or having control of a narcotic drug. We shall refer to that offense as the current offense and to the prior offenses by the respective years of the convictions or as prior offenses "A" (1948) and

"B" (1950). Under the instructions of the trial court the jury disregarded the first two counts and returned no verdict thereon. It found the defendant guilty under the 3rd, 4th, 5th and 6th counts. No exceptions were taken to the charge.

The appellant challenges the validity of the sentence and also asserts that the delay in his appeal deprived him of the equal protection of the laws. His attack on the sentence is based upon the general form of the verdict and the absence of specific findings that he had been previously convicted of narcotic offenses, but the sufficiency of the indictment to sustain the imposition of a sentence upon the appellant as a third offender is also presented on the record before us and seems appropriate for consideration in accordance with Rule 739 g of the Maryland Rules. We shall take up these questions in the following order: first, the equal protection of the laws; second, the verdict and lack of specific jury findings of past convictions; and third, the sufficiency of the indictment for the purpose stated.

This case was argued at the opening session of the present (September, 1957) Term of this Court and resulted in a considerable diversity of opinion on the questions pertaining to the verdict and findings and to the indictment. A motion for reargument was granted at the instance of the State, which sought reargument only on the third question, since this was the only one decided adversely to it by a majority on the original hearing. All questions were open when the case was reargued in January, 1958, together with *McCoy v. State,* 216 Md. 332, 140 A. 2d 689, which had originally been argued in November, 1957, and was reargued at the instance of the Court, since it presented, *inter alia,* some kindred problem. Long and intensive consideration of this case has produced some changes in views on the part of most of the present members of this Court (including the writer) who heard this case initially, but it has not produced complete unanimity of opinion. We now proceed to a discussion of the three questions above stated.

### Equal Protection of the Laws.

The appellant contends that the delay in his appeal caused

by the fact that Penitentiary officials did not censor and forward his appeal promptly has denied him equal protection of the law, which requires his release; and states that the equal protection clause is "to protect every person within the State's jurisdiction against intentional and arbitrary discrimination." Little quarrel can be had with this abstract statement, but here we do not have "intentional and arbitrary discrimination." There were unfortunate and somewhat inexplicable circumstances that prevented the perfection of the appeal. As soon as these circumstances were discovered, a delayed appeal was granted. But, even if we had a case where some individual or individuals had "intentionally and arbitrarily" delayed the appeal, this, alone, under the circumstances of this case, would not entitle the appellant to his release, although, we have held, he would be entitled to a delayed appeal. In *Dowd v. United States ex rel. Cook,* 340 U. S. 206, 95 L. Ed. 215, 71 S. Ct. 262, the Supreme Court granted *certiorari* on the petition of the warden from a decision of a District Court releasing a state prisoner on *habeas corpus.* The prisoner had been prevented from sending out appeal documents by state prison authorities, enforcing prison rules, until it was too late to take an appeal. Many years after the restriction was removed, the prisoner filed petitions for a delayed appeal, *coram nobis* and *habeas corpus,* which were denied. He then sought in the Federal District Court a writ of *habeas corpus* which was granted, the Court holding that "there had been a denial of equal protection of the law for which the State provided no remedy," and ordered the prisoner's discharge. However, the Supreme Court vacated the order and remanded the case to the District Court, stating on page 210 of 340 U. S.:

> "The Fourteenth Amendment precludes Indiana from keeping respondent imprisoned if it persists in depriving him of the type of appeal generally afforded those convicted of crime. On the other hand, justice does not require Indiana to discharge respondent if such an appeal is granted and reveals a trial record free from error. Now that this Court has determined

the federal constitutional question, Indiana may find it possible to provide the appellate review to which respondent is entitled. The judgments of the Court of Appeals and the District Court are vacated and the case remanded."

*Lack of Specific Jury Findings of Past Convictions.*

In cases such as this in which a more severe punishment may be, or is required to be, imposed for a current offense because of one or more prior convictions, it is, of course, a prerequisite to the imposition of the more severe penalty that the prior conviction or convictions be established. *Maguire v. State,* 47 Md. 485; *Goeller v. State,* 119 Md. 61, 85 A. 954; *Kenny v. State,* 121 Md. 120, 87 A. 1109; *Hall v. State,* 121 Md. 577, 89 A. 111; *Robertson v. Warden,* 212 Md. 646, 129 A. 2d 90. See also *Mazer v. State,* 212 Md. 60, 127 A. 2d 630.

The Narcotic Drug Act, under which the appellant was prosecuted, defines various offenses, among them (Code (1951), Art. 27, Sec. 346, now Code (1957), Art. 27, Sec. 277) having possession or control of a narcotic drug. Section 369 of Art. 27 of the 1951 Code (now Sec. 300 in the 1957 Ed.) prescribes penalties for violation of the Act. Its first sentence provides that anyone who violates any provision of the Act shall be fined not more than $1,000 and be imprisoned for not less than two nor more than five years. This section then provides that for a second offense, the offender shall be fined not more than $2,000 and be imprisoned not less than five nor more than ten years, and that for a third or subsequent offense, the offender shall be fined not more than $3,000 and be imprisoned not less than ten nor more than twenty years. (This Section contains other provisions not here material, including those under which a prior conviction under the laws of the United States or of any other State relating to narcotic drugs may serve as the basis for increased punishments for second, third or subsequent offenses.)

It is the settled law of this State that an indictment charging a defendant as a second or third offender must allege the prior offenses. See the *Maguire, Goeller, Kenny, Hall*

and *Robertson* cases, *supra.*[1] It also settled by these cases that the defendant's plea of not guilty puts in issue the fact of the prior conviction as well as the question of whether or not he is guilty of the current offense.[2] There must be a determination of the guilt or innocence of the accused with regard to the current offense; and if he is found guilty of that offense, there must ordinarily be a specific finding by the jury on the historical fact of the previous conviction.

In this State, under the rule of the *Maguire* case and of the cases following it, if there is a general verdict of guilty on a count or indictment charging a current offense and alleging one or more prior offenses, the defendant can be sentenced only as for a first offense. The law in most of the States is otherwise, though there is said to have been some tendency in comparatively recent years towards the minority view. See *Annotations,* 58 A. L. R. 20; 116 A. L. R. 209, 234; 139 A. L. R. 673, 696. The rule of the *Maguire* case seems at variance with the usual rule in criminal cases that a general verdict of guilty is equivalent to a finding of guilt under each and every count. Cf. *Berger v. State,* 179 Md. 410, 415, 20 A. 2d 146.

The question here presented is whether or not the accused's admission by stipulation in open court during his trial for the current offense that he had been convicted of each of the prior offenses which were alleged in the indictment is sufficient to warrant his being sentenced as a second or third offender upon his being found guilty by the jury of the current offense charged against him. We think that it is.

We entertain no doubt that the accused could have insisted that the historical facts of the prior convictions alleged and his identity as the person previously convicted be determined by the jury. There is a considerable divergence of views and of practice in different jurisdictions as to how and at what

1. This is also the law generally. See 1 *Bishop, Criminal Law,* Sec. 961; 1 *Underhill, Criminal Evidence* (5th Ed.), Sec. 219; 42 *C. J. S., Indictments and Informations,* Sec. 145; 25 *Am. Jur.* 272, *Habitual Criminals and Subsequent Offenders,* Sec. 26.

2. See also 2 *Wharton, Criminal Evidence* (12th Ed.), Sec. 645; 1 *Underhill, op. cit.,* Sec. 220.

stage of proceedings prior offenses should be charged and proven. Under the *Goeller, Kenny* and *Hall* cases, in this State determination of the historical facts as to prior convictions cannot be made the separate province of the judge when the jury passes on the current offense. Of course, if a defendant so elected, he might be tried by the court without a jury, in which event both matters would be determined by the court on the evidence presented. Whether or not any different rule should be applied to the form of the verdict in the event of a trial by the court without a jury instead of a trial by jury, is a question not presented in this case.

In some jurisdictions—notably England and California—the question of prior convictions may not be submitted to the jury at all while it is considering the current offense, or may not be so submitted if the defendant admits to the court (as he may do out of the presence of the jury) the fact of the prior conviction and his identity as the person convicted. See 1 *Wigmore, Evidence* (3rd Ed.), § 196; *Graham v. West Virginia,* 224 U. S. 616, 56 L. Ed. 917, 32 S. Ct. 583.

The *Graham* case illustrates a still different practice under a state statute which permitted a prisoner sentenced to be confined in the penitentiary to be brought before a court of the county where the penitentiary was situated for the imposition of a heavier sentence if he were found to be an habitual offender. This was a wholly separate proceeding from the trial which resulted in the current incarceration of the accused. The facts of his most recent conviction and of his prior convictions were alleged in an information and these historical facts and the identity of the defendant as the person convicted were submitted to the jury. The statute was upheld.

In the absence of such statutes as those in England and California, it is generally held that a defendant cannot, by an admission before trial of one or more prior offenses, prevent the prosecution from proving such offenses. See *Annotation,* 91 A. L. R. 1478; *People v. Sickles,* 156 N. Y. 541, 51 N. E. 288. That case points up a difficulty of possible prejudice to the defendant, similar to that noted in *Baltimore Radio Show, Inc. v. State,* 193 Md. 300, 327, 67 A. 2d 497.

The Illinois Habitual Criminal Act (Ill. Rev. Stat., 1937, Ch. 38, § 602) requires (as the Maryland rule requires without a statute) that a prior offense be alleged in the indictment. There are some cases under that Act in which a stipulation with regard to such an offense has been held to warrant the imposition of sentence under that statute, but it is not clear that a finding by the jury of the historical fact was not considered necessary. See *People v. Files,* 369 Ill. 78, 15 N. E. 2d 718; *People v. Mikka,* 7 Ill. 2d 454, 131 N. E. 2d 79, cert. den. 350 U. S. 1009, 100 L. Ed. 871, 76 S. Ct. 656.

Neither the *Maguire* case, nor any of the cases in this State which have followed it, has presented the precise question as to the effect of an admission in open court of the historical fact of a prior conviction. *People v. Sickles, supra,* denied the right of a defendant to plead guilty to a part of an indictment and to preclude the State from proving it. This result was reached at least in part on the construction of certain sections of the New York Code of Criminal Procedure, of which we have no equivalent here.

The binding effect of an admission by a stipulation in open court, such as we have here, is generally admitted, and such an admission dispenses with the need for producing evidence in usual form to prove the fact so admitted. See 31 *C. J. S., Evidence,* § 381; 20 *Am. Jur., Evidence,* § 557; 2 *Wharton, Criminal Evidence* (12th Ed.), § 415; *Godwin v. State,* 74 A. 1101 (Del.). *Wharton, op. cit.,* § 645, applies the general rule specifically to admissions of prior convictions, saying: "When the accused confesses the fact of the prior conviction, it is generally held that the state need not prove the fact, * * *."

Some courts have adopted the view that notwithstanding an admission by the accused of a prior conviction, there must still be a finding thereof by the jury. See *State v. Cardwell,* 60 S. W. 2d 28 (Mo.) and *Murmutt v. State,* 63 S. W. 634 (Tex. Ct. of Crim. App.). In the *Cardwell* case the penalty was to be fixed by the jury. Cases which follow this view make a distinction between a waiver of proof of a fact and a waiver of a finding by the jury of an admitted fact. Such a distinction would have force in a situation where the

accused seasonably sought to withdraw the admission and controvert the fact admitted, but that is not the situation here.

The Supreme Court of Iowa has held that the admission in open court of a prior conviction dispenses not only with other proof of such a conviction, but also with the necessity of a jury finding of such conviction. *State v. Ganaway,* 55 N. W. 2d 325 (Ia.); *State v. Shepard,* 73 N. W. 2d 69 (Ia.). In the instant case the defendant made no effort to retract, repudiate or question his admission of his prior convictions. We agree with the views of the Supreme Court of Iowa in the *Shepard* case that it would be an unwarranted refinement of technicality which would serve no useful purpose, to hold that, in spite of the defendant's stipulation of record admitting two prior convictions, the jury must, nevertheless, pass upon them.

The scope of a waiver may be broad, and a waiver may extend to constitutional rights, including those relating to criminal proceedings. Authorities on this subject are legion. It will suffice to refer to *Diaz v. United States,* 223 U. S. 442, 56 L. Ed. 500, 32 S. Ct. 250, in which it was held that the right of confrontation of witnesses could be and had been validly waived.

Quite apart from the questions above discussed, this case may be distinguished from the *Maguire* case by the oral instructions which were given. The trial judge told the members of the jury that they "need not bother" about the first and second counts (which dealt only with the current offense). He then pointed out that the third and fourth counts charged possession and control of a narcotic drug and that these counts also charged the convictions under the 1950 indictment, and in like manner he explained the fifth and sixth counts as charging possession and control and as being related to the 1948 indictment. With the jury's attention thus focused on the prior offenses as well as the current offense, and with their having been told to disregard the first two counts charging the current offense alone, it seems that the verdict of guilty on each of the counts submitted to them

amounted to a finding of the prior convictions as well as a finding of guilt as to the present offense.

*Sufficiency of Indictment for Sentence as Third Offender.*

The indictment, as we have noted, coupled the 1948 offense and the current offense in one pair of counts and the 1950 offense and the current offense (offense "C") in another pair. The question is whether A plus C and B plus C do or do not sufficiently inform the defendant that he is charged with having been convicted previously of A plus B and with having committed current offense C, so that, if he is found guilty of C, he is liable to punishment as a third offender. The difficulty arises from the nature of statutes, such as Sec. 369 of Article 27 of the 1951 Code (Sec. 300 of the same Article of the 1957 Code), which impose more severe penalties for second or subsequent offenses. The earlier offenses, as we have seen, are historical facts which must be established in order to sustain a penalty for a second or subsequent offense, but the defendant's guilt or innocence of the prior offenses is not an issue in the current prosecution. Usually the only questions with regard to the prior offenses are the existence of the convictions and the identity of the defendant as the person previously convicted. The guilt of the accused as to the current offense must be established, as in any criminal case, but to have been convicted previously of some offense is not itself an offense, nor is it an element of the current offense. *Maguire v. State, supra; McDonald v. Massachusetts,* 180 U. S. 311, 45 L. Ed. 542, 21 S. Ct. 389. In the latter case, Mr. Justice Gray in affirming the constitutionality of the increased sentence said (at pp. 312-313): "The punishment is for the new crime only, but is the heavier if he is an habitual criminal. * * * The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only."

The principal ground upon which the indictment is attacked as not sufficient to sustain a penalty for a third offense is that in no one count are prior offenses A and B and current offense C joined in one-two-three order. If A and B were elements of offense C, this objection would be of compelling

force, for there is no doubt that each count of an indictment must embody a distinct and complete accusation of a single crime. *Simmons v. State,* 165 Md. 155, 167 A. 60; *Imbraguglia v. State,* 184 Md. 174, 178, 179, 40 A. 2d 329; *Anno.* 114 A. L. R. 1406, 1407; 27 *Am. Jur., Indictments and Informations,* § 129; 42 *C. J. S., Indictments and Informations,* §§ 152, 153, 154. The rule is well established that one count may incorporate by reference matter set out in another count (*P., W. & B. R. R. Co. v. State,* 20 Md. 157, 163; *Cohen v. State,* 173 Md. 216, 220, 195 A. 532, 196 A. 819; *Imbraguglia v. State, supra*); but there is here no incorporation by reference in one count of matter set forth in another.

*Watson v. People,* 134 Ill. 374, 25 N. E. 567, is urged in support of this argument. There the indictment was in four counts, the fourth of which may be disregarded because it was a mere duplication of the second. The first count charged burglary, the second also charged burglary, but without force in the entry, and the third charged the same burglary and alleged a prior conviction. When the case was tried, the penalty was to be fixed by the jury in accordance with statutory provisions under which a first offense was punishable by imprisonment for not less than one nor more than twenty years, and a second offense was punishable by imprisonment for a fixed term of twenty years. The trial court instructed the jury that if it found that the defendant committed the crime charged in the first count and if it further believed from the evidence that he had been found guilty of the previous offense, then the jury should find the defendant guilty and fix the penalty at twenty years' confinement. This instruction was held erroneous, since the allegation of a prior conviction formed no part of the first count either by direct allegation or by incorporation by reference. The *Watson* case was cited with approval in *People v. Madden,* 384 Ill. 313, 51 N. E. 2d 527, but was found not applicable.

The opinion in the *Watson* case does not go into any critical analysis of the reason for insisting that the count of the indictment upon which the sentence was based must contain an allegation of the prior offense. It simply applies the general rule of criminal pleading that each count must be com-

plete in itself and bars importing into one count what is alleged in another, when the first count itself makes no attempt to effect any such incorporation by reference. It does not discuss the difference between the allegation of an historical fact as the foundation for more severe punishment and the allegation of a fact essential to the establishment of the crime with which the defendant is currently charged.

This problem was considered in *People v. Sickles, supra,* 156 N. Y. 541, 51 N. E. 288, where (at p. 290 of 51 N. E.) the majority opinion drew a distinction between an element of the second offense and an ingredient of the criminality of the defendant. There the main controversy seems to have been whether or not it prejudiced the defendant unduly to have the prior offense put before the jury in passing upon his guilt or innocence as to the current offense. Judge Bartlett dissented on the ground that it did so prejudice him. That question was determined by this Court in the *Maguire* and *Goeller* cases, above cited, in accordance with the view adopted by the majority of the New York Court of Appeals in the *Sickles* case. It is one of the principal bones of contention in the *McCoy* case decided contemporaneously with this case.

In this State the *Maguire* case squarely holds—and there has been no departure from this holding—that "an averment of prior conviction does not charge an offense." (47 Md. at 497.) This Court adopted the language of Lord Campbell in *Reg. v. Clark,* 20 E. L. & Eq. 582, that "it is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as an historical fact." Judge Alvey said also at page 496: "* * * that if the party be proceeded against for a second or third offense under the statute" and the sentence be different or more severe in such case, "* * * the fact thus relied on must be averred in the indictment; for the settled rule is, that the indictment must contain an averment of every fact essential to justify the punishment inflicted."

Cases in other jurisdictions agree with the *Maguire* case in holding that the prior offense is not an element of the

current offense. See *Barr v. State,* 187 N. E. 259 (Ind.); *Wright v. People,* 181 P. 2d 447 (Colo.); *Elliott v. Commonwealth,* 161 S. W. 2d 633 (Ky.); *People v. Mellor,* 5 N. W. 2d 455 (Mich.); *State v. Domanski,* 115 P. 2d 729 (Wash.); *McCarren v. U. S.,* 8 F. 2d 113 (7th Cir., 1925).

Other cases adopting this view and supporting a result contrary to that of *Watson v. People,* 134 Ill. 374, 25 N. E. 567, above cited at length, are *Smiddy v. Commonwealth,* 152 S. W. 2d 949 (Ky.), in which one count alleged first degree murder and another alleged prior convictions which might have served to increase the punishment if the defendant had been found guilty of a lesser degree of homicide than first degree murder; *Rawlings v. Commonwealth,* 230 S. W. 529 (Ky.), in which it was held not erroneous, though apparently unnecessary, to allege the current offense in one count and a prior offense in another; *Jones v. State,* 22 N. W. 2d 710 (Neb.); *State v. Rigsby,* 20 S. E. 2d 906 (W. Va.); *Becker v. U. S.,* 36 F. 2d 472 (3rd Cir., 1929), cert. den., 281 U. S. 731, 74 L. Ed. 1147, 50 S. Ct. 246; *Goodman v. Kunkle,* 72 F. 2d 334 (7th Cir., 1934). See also *Ex parte Kuwitzky,* 282 N. W. 396 (Neb.), a *habeas corpus* case holding that although an habitual criminal might have been given a longer sentence as such under the first count charging a current offense, where the information contained a second count alleging prior offenses, he could not be validly sentenced on a plea of guilty to the second count which charged no offense.

The statement of the Circuit Court of Appeals for the Seventh Circuit in *Goodman v. Kunkle, supra,* seems particularly apt. The court was passing upon an appeal in a *habeas corpus* case where the defendant had been sentenced under an Indiana statute to life imprisonment as a third offender. The court said (at p. 336): "Habitual criminality is a state, not a crime. The so-called 'count 3' [reciting prior convictions] is not, in fact, a separate 'count' in the sense in which that term is customarily employed. Habitual criminal statutes, such as that of Indiana, do not create or define a new or independent crime, but they prescribe circumstances wherein one found guilty of a specific crime may be more

severely penalized because of his previous criminalities as they are alleged and found."

In *Jones v. State, supra,* the Supreme Court of Nebraska said (22 N. W. 2d, at 712): "* * * not form or place in the information but substance is the thing which is of controlling importance in setting forth the aggravation of a charged offense which forms the basis for the penalties prescribed by the statute defining habitual criminal. It is proper to set out the aggravation either in the count charging the crime or in a separate count in the information."

*Becker v. U. S., supra,* presented the question whether the sentence imposed upon the defendant as a second offender was lawful under the form of indictment there used. The indictment contained six counts or so-called counts. Each of the first five charged a current offense; the sixth alleged a prior conviction. The jury found the defendant guilty on two of the current offense counts and found that he had been previously convicted, as alleged in the sixth "count." He was sentenced as a second offender. The Circuit Court of Appeals for the Third Circuit said in part (pp. 472-473): "We follow the defendant on the elementary principles of law that a count * * * is regarded in law as containing a complete statement of the cause of action or a complete charge of crime; that where an indictment contains several counts each count is treated as a separate charge as completely as though the several charges appeared in separate indictments, *Watson v. People,* 134 Ill. 374, 25 N. E. 567; *State v. Briggs,* 94 Kan. 92, 145 P. 866; that an essential element of a crime cannot be omitted, nor can the omission be supplied by intendment, implication, or recital * * *; and that infirmity in one count cannot be cured or its averments aided by another count * * *." Then, after quoting with approval from *Singer v. U. S.,* 278 F. 415, 420 (3rd Cir., 1922), the rule that where a prior conviction is charged in the indictment, the prior conviction and the identity of the accused as the same person in each prosecution must be established at the trial, the court said at p. 473: "The essential fact of former conviction was pleaded in the indictment in this case and proved at the trial. It was pleaded not in the count under which

later the defendant was convicted and sentenced but in a paragraph—the concluding paragraph of the indictment—which the draftsman called the 'Sixth Count.' This paragraph, however named, was not a count at all. It narrated no crime; it charged no offense. Upon it no verdict of guilty could possibly have been rendered and no sentence could have been imposed on a finding of its allegations alone. It averred as a fact previous conviction of the defendant of two offenses like those pleaded in four preceding counts, and there it stopped. It meant nothing standing alone; it meant much when read in connection with the counts that preceded it. Being in effect a footnote to the first four counts, we think its averment (*inter alia*) of prior conviction of unlawful possession of liquor was a direct reference to and became directly connected with the fourth count charging the same offense. It had no other possible meaning. Not being a count in any sense and therefore not being used in aid of another count, we see no reason why it should not be taken for just what it is, an addendum to or a part of the other counts inserted to apprise the defendant that several of the offenses there charged against him were second offenses carrying greater penalties and to call upon the government to show the prior conviction in proof of the aggravating element of the offenses."

To the extent that the *Watson* case and *State v. Briggs, supra,* cited along with the *Watson* case in the *Becker* case, on the one hand, and the *Becker* case (and others reaching the same conclusion as *Becker*), on the other, are inconsistent, we find the reasoning of the *Becker* case more persuasive on the question now before us and we prefer to follow it.

The *Maguire* case, 47 Md. 485, the *Goeller* case, 119 Md. 61, 85 A. 954, and *Hall v. State,* 121 Md. 577, 89 A. 111, all cited above, establish the rule that an indictment, in order to serve as the foundation for the imposition of increased penalties prescribed for a second or subsequent offense, must allege the prior offense or offenses, but none of those cases. specifies how the information must be set out. *Maguire* upheld the practice of submitting the issue of a prior conviction to the jury along with the evidence of guilt on the current

offense charged, but it did not reach the question of whether the prior conviction or convictions and the current offense *must* be alleged in a single count, nor did any other Maryland case, so far as we are informed.

*Goeller* emphasizes the constitutional right of the defendant under Article 21 of the Maryland Declaration of Rights to be informed of the accusation against him and holds that in order to meet this requirement the indictment must set forth the prior offenses by reason of which the penalties against the accused might be made more severe. The court held invalid that portion of a liquor statute which authorized the judge to ascertain the fact of a prior conviction from the dockets of the court, in connection with evidence, without the jury passing upon the issue of the prior conviction as well as upon the guilt of the defendant on a current offense. That insofar as the constitutionality of the statute was concerned, the *Goeller* decision was limited to that one phase of it is made clear by the subsequent cases of *Kenny v. State, supra* (121 Md. 120, 87 A. 1109) and by the *Hall* case. In the latter an indictment under the same statute involved in the *Goeller* case, which alleged a prior offense and charged a current offense, was upheld.

An indictment in the same form as in this case was before this Court in *Peachie v. State*, 203 Md. 239, 100 A. 2d 1. There no attack was made on the indictment, and the judgment and sentence, which was for a third offense, were affirmed without comment on the form of indictment.

The question now before us is not whether the indictment is in the best possible form, but whether it is legally sufficient to apprise the defendant of all of the necessary facts upon which the increased penalties applicable to a third narcotic offense may be invoked against him. The precise form in which that information is given does not seem to us of much importance so long as all the necessary information is set forth in the indictment in clear and understandable terms. (*Jones v. State, supra*, 22 N. W. 2d 710 (Neb.)). Historical convictions A and B and current offense C are all set out in the indictment. The jury's verdict of guilty establishes the defendant's guilt as to the current offense; and we think that

under the instructions given it also includes a finding of the prior convictions, and his stipulation through his trial counsel in open court also establishes the historical facts of his two former convictions. The General Assembly has made clear its intention that third or subsequent offenses in narcotic cases should be subject to more severe punishment than first or second offenses. See Chapter 466 of the Acts of 1951, which enacted the penalty section of the Narcotic Law in its present form for the stated purpose of increasing penalties. Despite the possible ineptness of the form of indictment, we find no constitutional bar to making the legislative will effective in this case.

\* \* \*

We may add several observations. We find no constitutional requirement that an indictment allege a prior conviction or convictions in any particular manner or in any particular place, so long as any such prior offenses are clearly stated as the basis for increased punishment if the accused is convicted of the current offense charged against him. Neither do we find any constitutional requirement that the jury must pass on the accused's alleged prior convictions at the same time that it passes upon the alleged current offense. The court's instructions should cover the various possible verdicts, and in the absence of a binding admission by the accused of one or more prior convictions, they should call for special verdicts or findings as to the historical facts of any prior convictions which may be alleged. We trust that the Rules Committee will find it practicable to consider these matters and whether or not a change would be desirable in the rule of the *Maguire* case as to the effect of a general verdict of guilty where a prior conviction is alleged and a current offense is charged, in the course of its work on Rules of Criminal Procedure now nearing completion.

In accordance with the holdings stated in this opinion the judgment and sentence of the Criminal Court of Baltimore are affirmed.

*Judgment and sentence affirmed, with costs.*

Prescott, J., dissenting in part, filed the following dissenting opinion, in which Horney, J., concurred.

The Maryland Court of Appeals has just held, for the first time in its history, that when one is accused of crime by an indictment, the State is entitled to have one count of the indictment assisted or enlarged by another count thereof, though there was no reference to, or incorporation of, the assisting count in the count that was aided or enlarged. In so far as the subject has been called to our attention (and our extensive personal research has developed nothing to the contrary) it is the first such holding in the entire United States or England. Such a ruling has a terrific impact upon the very vitals of some of the rudimental principles of the criminal law as it has been developed in these countries.

It is assumed, in writing this dissent, that any who desire to read it have read the majority opinion. At the outset, it seems appropriate to mention a few of the unusual features of the case. In the beginning, it looked like a rather simple one presenting three not unusually difficult questions for our determination; yet, the Court has spent many hours of deliberation in deciding these questions, and we still are not in agreement. The first question (all similar references are to the majority opinion unless otherwise noted) presented no difficulty, but the second and third have. When the original opinion was filed, the author of the present majority opinion agreed with the then majority on questions two and three, but two members of the present majority dissented on the grounds of those two questions. Daily Record, December 9, 1957. The present majority opinion means that those two members of the Court changed their positions on question two and the author thereof changed his on question three. This, with the original concurrence of all three on question one constitutes the present majority opinion.

It was unique at the reargument, which was held jointly with the reargument of *McCoy v. State,* 216 Md. 332, 140 A. 2d 689, in that counsel for both defendants and the representatives from the Attorney General's office frankly stated in open court that they had read the original opinion in the *Beard* case, and could find no fault with it. Nothing new

developed at the reargument, nor were new citations of authority offered. Practically all, if not all, of the citations in the present majority opinion were contained in the previous majority and dissenting opinions. Beard's counsel confined his argument to what he claimed was unfairness in the procedure of allowing the jury to consider the question of previous convictions at the same time it was considering the question of guilt of the current offense. This was settled in the *Maguire* case many years ago. All three of the questions to be determined have given the writer little trouble, believing their solution properly lies in an application of the fundamental principles of the criminal law as established by adjudicated decisions of this Court.

I, wholeheartedly, concur in the result reached on questions one and two; but I am firmly convinced that the third question of going into one good count of an indictment to assist another good count without reference thereto in the count assisted, should be decided in accordance with the *Becker, Watson* and *Briggs* cases, all to be referred to later. It is universally recognized that it is elementary in criminal procedure that each count of an indictment must state a separate and distinct offense. It was said in *Latham v. The Queen,* 9 Cox's C. C. 516, 520: "But where there are two counts in an indictment, they are to all intents and purposes two separate indictments * * *." This rule has been consistently upheld by this Court in such cases as *Simmons v. State,* 165 Md. 155, 167 A. 60; *Imbraguglia v. State,* 184 Md. 174, 40 A. 2d 329. Of course, one count may refer to matter in another count so as to avoid unnecessary repetition (no such attempt was made in the instant case), and if the reference be sufficiently full to incorporate such matter with that in the count in which reference is made, the validity of the latter count is not affected. *P., W. & B. R. R. Co. v. State,* 20 Md. 157, 163; *Cohen v. State,* 173 Md. 216, 220, 195 A. 532, 196 A. 819; *Imbraguglia v. State, supra.*

Before the majority decision herein, the following would seem to be a correct statement of the rule with reference to a charge that one is an habitual criminal or has been guilty of a previous offense, derived entirely from the adjudicated

decisions. When a statute provides that under certain conditions a person shall be deemed to be an habitual criminal, or provides a heavier penalty for an offense if the accused has been previously convicted, and does not name the mode in which the accused shall be notified that he is charged as an habitual criminal or previous offender, such charge must be contained in the indictment. *Maguire v. State*, 47 Md. 485. (This is conceded by the majority—see the additional authorities named in their opinion. If a statute provided otherwise it would be unconstitutional, *Goeller v. State*, 119 Md. 61, 85 A. 954.) The preferable method of preparing the indictment is to charge the current offense in one count and the current offense plus the previous conviction (this also alludes to an habitual criminal charge) in another count; or it may be done by charging the current offense plus the previous conviction in one count alone, under which, by proper instructions from the court, the accused may be found either guilty of the current offense, alone, or he may be found guilty of the current offense and the jury may further specifically find the previous conviction as an historical fact, which would permit the heavier penalty. (This practice was specifically approved in *McCarren v. U. S.* (C. C. A. 7th), 8 F. 2d 113, 115 as well as the *Maguire* case, *supra*, 47 Md. 485. We were informed at the argument that this is the present practice in Baltimore City, and I know of no county where, prior to the majority opinion, a contention that one count of an indictment could assist another, without incorporation, would have been given serious consideration.) The accusation of being an habitual criminal or having committed a previous offense does not charge a separate crime or offense, but permits enlarged punishment for the current offense. *Maguire v. State, supra; McDonald v. Massachusetts*, 180 U. S. 311; *Graham v. West Virginia*, 224 U. S. 616. While bad pleading and not to "be followed by good pleaders" unless a statute or rule of court permits the same, some jurisdictions have permitted the previous offense to be placed in the indictment in a separate paragraph or "count," *provided the separate paragraph or "count" merely sets forth the previous conviction or habitual criminal charge, and*

*is not a real and complete count in itself* (which is the situation in the case at hand). *Becker v. U. S., supra; Watson v. People* (Ill.), 25 N. E. 567; *State v. Briggs* (Kan.), 145 P. 866; *Smiddy v. Commonwealth* (Ky.), 152 S. W. 2d 949; *Rawlings v. Commonwealth* (Ky.), 230 S. W. 529; *Jones v. State* (Neb.), 22 N. W. 2d 710; *State v. Rigsby* (W. Va.), 20 S. E. 2d 906; *Goodman v. Kunkle* (C. C. A. 7th), 72 F. 2d 334; *Ex parte Kuwitzky* (Neb.), 282 N. W. 396. This includes every case cited by the majority on this point; no case so cited went any further than the rule just stated and, even when going that far, stated that such indictments were "inexpertly drafted" and "should not be followed by good pleaders." *Becker v. U. S., supra,* 36 F. 2d 473, relied on very heavily by the majority. The exact question presented in the instant case was presented to the Supreme Court of Illinois in *Watson v. People,* 25 N. E. 567. There the indictment was in four counts, the fourth of which may be disregarded because it was a mere duplication of the second. The first count charged burglary, the second also charged burglary, but without force in the entry, and the third charged the same burglary and alleged a prior conviction. When the case was tried, the penalty was to be fixed by the jury in accordance with statutory provisions under which a first offense was punishable by imprisonment for not less than one or more than twenty years, and a second offense was punishable by imprisonment for a fixed term of twenty years. The trial court instructed the jury that if it found that the defendant committed the crime charged in the *first* count and if it further believed from the evidence that he had been found guilty of the previous offense, then the jury should find the defendant guilty and fix the penalty at twenty years' confinement. The jury found the defendant guilty and fixed his penalty at 20 years. The Court stated:

> "It is impossible to sustain this conviction without disregarding well-established rules of law applicable to criminal trials. As will be seen from the foregoing statement, the attention of the jury was specially directed to the first count of the indictment

* * *, and they were directed to fix the prisoner's term in the penitentiary at 20 years if they found he committed the crime charged in that count. It is true, it requires the jury to also believe from the evidence that the defendant had been previously convicted of the crime of burglary and larceny, and sentenced to the penitentiary, but it does not require that belief to *be based on any charge made in the first count,* or in fact in any count of the indictment. The first count does not charge a former conviction. It is an ordinary count for burglary, and, upon a conviction under it, the jury could fix the punishment at confinement in the penitentiary for any number of years, not less than 1, nor more than 20. It was therefore error to instruct it to fix the term absolutely at 20 years if the finding of guilty was based on that count. *It is said, however, that the allegation of former conviction* (contained in the 3rd count) *may be referred to, and treated as a part of, the first count. This position cannot be maintained.* By all the rules of criminal pleadings, where an indictment contains several counts, each count is to be treated as a separate charge, and must be complete within itself, except that for some allegations subsequent counts may refer to the first or former counts. *Here, however, there is no attempt to make any allegation in the indictment a part of the first count, except that which expressly appears in it.* It cannot be seriously contended that this indictment does not contain four separate and distinct counts, the third of which alone charges a former conviction. The pleader very properly put in these several counts, so that, if his proof failed to meet the third, he might convict on either the first or second. After the proof was in, he evidently intended to insist upon a verdict on the one charging the former conviction, but by mistake wrote 'first count' in his instructions instead of 'third count.' The effect of that mistake cannot be avoided *by now attempting*

*to make the first count charge that which it does not,
and which manifestly it was not intended to charge."*
(Emphasis supplied.)

At the time of the writing of the original opinion, I had not discovered the *Watson* case. After discovering the decision by that Court, one for which there is great and widespread respect, it was very gratifying to see how closely the previous majority opinion had paralleled the reasoning of that Court, as well as the Supreme Court of Kansas in *State v. Briggs*, 145 P. 866 and the Circuit Court of Appeals (3rd) in *Becker v. U. S.*, 36 F. 2d 472, all of which are cited in the majority opinion. These are the only three cases that have come to our attention wherein the exact question under consideration has been raised. In the *Briggs* case, *supra*, the Supreme Court of Kansas arrived at the same conclusion that the Supreme Court of Illinois had in the *Watson* case, and for the same reasons; in the *Becker* case, relied upon heavily in the majority opinion, the Court recognized the soundness of the principles of law enunciated in the *Watson* and *Briggs* cases and held that the "paragraph" or "count" in the *Becker* case was not a "real count" in any sense of the word, so it could properly be treated as an "addendum" to the other counts. This case will be referred to later.

It should be remembered in considering the instant case that each and every count of the indictment was a real count, sustainable as against demurrer, and was not a "paragraph," an "addendum," a "footnote" or something that was labeled a "count" but in reality was not a count, such as were dealt with in many of the cases cited in the majority opinion.

The majority opinion states: "Cases in other jurisdictions agree with the *Maguire* case in holding that the prior offense is not an *element* of the current offense," (emphasis supplied) and then cites several cases. This statement is accurate only to the limited extent that "current offense" is defined in that opinion. For instance, the prior offense is not an element of the current offense in the sense that the prior offense must be proved in order to sustain a finding of guilt of the current offense if there is to be no increased punishment;

but in the sense that the prior offense or offenses will authorize an increase in the sentence (in this case it could have amounted to 10 and did amount to 5 years) upon conviction of the current offense, it is a very real element and ingredient in the power to punish. In fact, the *Maguire* and other cases cited at this point, with the exception of the *Mellor* case, simply hold that accusing one to be an habitual criminal or with having been previously convicted of an offense, does not of itself charge an offense. (In the present case, there has been no such contention.) That such holdings by those cases support the statement that "(c) cases in other jurisdictions agree with the *Maguire* case in holding that the prior offense is not an element of the current offense" seems, at least, doubtful when we quote from two of the cases cited by the majority opinion as sustaining the same. In *Barr v. State* (Ind.), 187 N. E. 259, 261 it was said: "whether the section intended to prescribe merely increased punishment for habitual offenders or create a new offense, * * *, the allegation of a prior conviction was a necessary *element* in the so-called felony; that the prior conviction was an *element* to be proved; but, 'It was not, however, an integral part of the crime charged, in the sense that the defendant's guilt or innocence of the first violation of the act had to be inquired into and determined by the jury.'" (Emphasis supplied.) In the *Becker* case, 36 F. 2d 472, 473, relied upon so heavily by the majority, we find: "the indictment, charging the accused of being a second offender, must set forth the fact of the prior conviction, as that is an *element* of the offense in the sense that it aggravates the offense described in the indictment, and authorizes the increased punishment." (Emphasis supplied.) In still another case cited by the majority, though not at the particular place under discussion, *People v. Sickles*, 51 N. E. 288, the Court of Appeals of New York stated: "In such a case as this, the charge is not merely that the prisoner has committed the offense specifically described, but that, as a former convict, his second offense has subjected him to an enhanced penalty. In *Wood v. People, supra*, it was held that it was an *essential ingredient* of the aggravated offense, charged upon the accused, that the alleged

felony was committed after a former conviction of an offense, and that the prior conviction entered into and made a part of the offense of which the accused was convicted." In *Massey v. U. S.* (C. C. A. 8th), 281 F. 293, 298, that Court stated: "The statement of a prior conviction is regarded as a part of the *description* and *character* of the *offense intended* to be *punished,* and as an *essential ingredient* of such aggravated offense." (Emphasis added.) Innumerable cases to like effect could be cited. I suggest that the prior offense is an *element* of the current offense in the sense and to the extent, and only in the sense and to the extent, that it authorizes increased punishment, which is an important factor when it can mean an additional 10 years' confinement. It seems obvious that it must be an element in some sense; otherwise it would not be compulsory that it be in the indictment at all. But this Court has held many times, beginning with the *Maguire* case and it is conceded by the majority, that the averment of the previous offense must be in the indictment. I have mentioned this because the majority concede that it is vital to their ruling that the previous offense constitutes *no element* of the current offense charged.

This brings us to the vital and concluding portion of the discussion. The majority state: "Other cases adopting this view and supporting a result contrary to that of *Watson v. People,* * * * 25 N. E. 567 (no mention is made of the *Briggs* case, *supra,* 145 P. 866) * * * are," and then cite seven cases, some of which are from the same jurisdictions. If I could agree with my colleagues who constitute a majority upon their analyses of these cases, I would be doing what I strongly suspect they are (This is a beautiful Sunday afternoon), and not writing this opinion. The following statement is made, fully realizing that each decision is reported and open to inspection by any interested party: There is not in any one of the cases cited a holding that the State, as was done in the case at bar, may go into another real count of an indictment and obtain aid for another complete count, either to allow increased punishment or otherwise, unless reference to, and incorporation of, the assisting count is made in the count assisted. The sum-total of the holdings amounts to

rulings that when a person is charged with being an habitual criminal (in those jurisdictions that have such statutes and punish therefor upon conviction of the current offense) or with having committed a previous offense (for which a higher penalty is exacted if that person be convicted of a current offense), the charge of being an habitual criminal or that the previous offense has been committed does not constitute charges of distinct offenses, but merely permits an increased punishment if the accused be found guilty of the current offense; consequently, the habitual criminal charge or the charge of the previous conviction, although bad pleading, may be made in a separate paragraph or "count" (whatever it may be termed) in the indictment that alleges, alone, that the accused was an habitual criminal or a previous offender, not that the previous conviction *could be alleged, as in the instant case, in a true count that charged a complete offense and that this allegation of the previous offense could assist another real count in justifying an increased punishment, without reference being made thereto in the latter.* This last mentioned question was discussed and decided in the *Watson, Briggs* and *Becker* cases (and was discussed to a less degree in the *Kunkle* case) all *supra,* and those cases only.

I shall not attempt an analysis of each case cited by the majority; however, as they rely very heavily upon *Becker v. U. S., supra,* 36 F. 2d 472, and the opinion therein is quite short, a brief analysis of it seems appropriate. There, the first three counts of an indictment charged unlawful sales of liquor, the fourth unlawful possession of liquor, the fifth maintenance of a nuisance, and the sixth "count" a previous offense, *alone.* The jury found, as far as we are interested in the verdict, the defendant guilty on the 4th count and the historical fact, alleged in the 6th "count," that the defendant had been previously convicted. He was sentenced as a second offender. The defendant raised the same question presented in this case, namely, that one count of an indictment cannot assist another unless incorporated in the latter. Our majority opinion quotes the Circuit Court of Appeals when dealing with this subject as follows: "We follow the defendant on the elementary principles of law that a count

* * * is regarded in law as containing a complete statement of the cause of action or a complete charge of crime; that where an indictment contains several counts each count is treated as a separate charge as completely as though the several charges appeared in separate indictments, *Watson v. People,* 134 Ill. 374, 25 N. E. 567; *State v. Briggs,* 94 Kan. 92, 145 P. 866; that an essential element of a crime cannot be omitted, nor can the omission be supplied by intendment, implication, or recital * * *; and that infirmity in one count cannot be cured or its averments aided by another count * * *." Here, their quotation ceases, but the very next sentence that completes a paragraph states: "In order to meet the question squarely, we concede that these rules apply to charging crimes under the National Prohibition Act (27 USCA)." The statement demonstrated that the Court realized the precise question presented, and was an acknowledgment and a sustaining of the soundness and the applicability of the rules enunciated in the *Watson, Briggs, Simmons* and *Imbraguglia* cases, all *supra.* It meant that the decision in that case (as the one in the instant case should have) turned upon whether the allegation of the previous offense in the 6th "count" was a real count or not. If it were a true count, under the elementary principles of the criminal law as restated in the *Watson, Briggs, Simmons* and *Imbraguglia* cases the defendant there could not be sentenced as a second offender. The Court then goes on to show that while the allegation of the previous offense was contained in a paragraph termed "Sixth Count," the paragraph was not, in reality, a count at all. The opinion consumes much space in pointing out that it was not a true count, and, by the clearest implication possible, states that if this 6th "count" were a real count, it could not assist any other count in the indictment, and the defendant could only be sentenced as a first offender. Making what had already been made clear doubly certain of being clear, the Court states: *"Not being a count in any sense and therefore not being used in aid of another count,* we see no reason why it should not be taken for just what it is, an addendum to or a part of the other counts * * *." (Emphasis supplied.) The opinion then concludes

that even in going that far, "* * * we recognize that the counts were inexpertly drafted and should not be followed by good pleaders." Our majority opinion not only fails to heed this advice, but goes the *Becker* decision one better. It holds that that case is authority, not only for the proposition that the previous offense may be alleged in a paragraph that is not a "count," but for the ruling that one perfectly good count may be aided by another perfectly good count, without incorporation, something that the *Becker* opinion made crystal clear could not be done.

The requirement that each count in an indictment state a complete offense and not be aided by another without incorporation is not a mere technicality. It is a sound and salutary principle of criminal pleading with a time-honored background. All indictments are not simple: some contain many counts. In *Simmons v. State, supra,* 165 Md. 155, the indictment contained 18 counts. In many such cases and even in those more simple, it presents a real problem to come to the trial table prepared to meet the charges contained in the several counts; but to hold that an accused must come prepared to meet them, as well as any combination that may be derived from them, would seem to place an accused person in a dilemma never contemplated by the criminal law.

I fully realize that in an appellate court there is an occasional temptation to become peccant (meaning only transgressive) in relation to the doctrine of *stare decisis,* especially on questions not subject to review; however, I have a profound respect for that doctrine and keenly feel that it should be transgressed only for the most urgent and impelling reasons, never because of expediency or personal philosophy. Because I believe the majority opinion infringes upon the rulings of this Court in the *Simmons* and *Imbraguglia* cases, *supra,* (and any others like them) I am unable to concur in it. As the accused was charged with, and convicted of, being a second offender, I think he should have been sentenced as such.